## ORR v. BAKER.

The statute which exempts persons or property from taxation, is to be construed strictly.

The statute which exempts from taxation the lands whereupon every building erected for religious worship is situate, not exceeding ten acres, was not intended to include any part of the land which is diverted to secular uses for gain.

Wednesday, May 25.

ERROR to the *Vanderburgh* Circuit Court.

STUART, J.—Assumpsit by *Baker* against *Orr*, on a promissory note. Plea, failure of consideration. Demurrer to the plea sustained, and judgment in favor of the plaintiff below.

The plea alleges that the trustees of the *Evansville* Presbyterian church were seized in fee of lot No. 107, in *Evansville*, being less than ten acres, to-wit: fronting

on *Main* street seventy-five feet, and on *Second* street one hundred and fifty feet; that on part of said lot the house of worship of the said church was erected; that on the parcel of said lot not occupied by said meeting-house, business houses had been erected and rented out by said trustees, and the rents and profits applied to the use of the church; that the improvements so rented, &c., were taxed to the occupants in 1850, and the taxes paid; that in the same year the city of *Evansville* levied a city tax for railroad purposes, and among others, on that part of said lot No. 107, so leased, &c., as aforesaid, viz., seventy-five feet on *Main* street by sixty feet back; that on the 4th of *November*, 1850, said city tax being unpaid, the collector, after due notice, &c., sold said rented part of lot 107, to said *Baker*, for 38 dollars and 75 cents, the amount of tax due thereon, and executed to *Baker* a certificate of purchase; that on the 1st of *March*, 1851, *Baker* sold the tax-certificate to *Orr*, for 50 dollars, and thereupon the latter executed the note now in suit, and the former assigned the certificate in consideration of and concurrently with each other; that *Baker* further " war-ranted and guaranteed" to *Orr* that the tax, &c., had not been paid, &c., nor had the premises been redeemed at the date of the assignment; that *Baker* further agreed that any mistake, either of fact or law, should render the note void, &c. The pleader then avers that said part of said lot so rented, &c., and so owned by the said church, &c., both at the date of the assessment of the said city tax, and at the date of the sale aforesaid, was not subject to taxation, and therefore the consideration of the note had failed. Verification, *&c.*

If we paused to analyze this plea, it is feared we should defeat the object of the pleader, and come to conclusions unfavorable to its legal sufficiency. He obviously wishes to solicit an opinion on another point.

The question which counsel seek, somewhat circuitously, to raise by the pleadings, is whether, under the R. S. of 1843, church property, built up with business houses, and

used for secular purposes, is exempt from taxation. The clause referred to reads, " every building erected for religious worship, and the pews and furniture within the same, and the lands whereon such building is situate, not exceeding ten acres," shall be exempt from taxation. R. S. 1843, p. 208.

The true theory of taxation is to assess all property protected by the law, in proportion to its actual value. Exemptions like the foregoing are, it is presumed, made in most of the states. It is easier to admire the motives for such exemption than to justify it by any sound argument. The objections to it, even where religious corporations are to be thus favored, are both on principle and historically of great weight. With us, especially, there should be no discrimination. Only let the theory be carried a little further; let a specific tax be levied to support houses of worship, and it will speedily attract public attention. Yet the one is precisely the same in principle as the other. The tax from which one class of persons is exempt, is thrown as an additional burden on the other classes. To say that such is the practice of civilized nations, is not sound. It is rather an apology for a departure from principle. Under our institutions, there is no good reason why one species of property, or one class of persons, should be exempt from the common burdens which, for the common good, all ought equally to bear. Hence these exemptions, as they are contrary to common right, are not to be favored by the courts. They should be confined to the specified objects, and to such as by reasonable intendment the legislature must have had in contemplation. In short, the statute which exempts persons or property from taxation, is to be construed strictly.

Taking this rule of construction for our guidance, what is to be understood by the lands on which a house for religious worship is situate?

Generally speaking, a house may be said to be situate on all the lands within the same enclosure, necessary for its proper enjoyment, and actually so used and occupied.

Sheds, wood-houses, and all others proper for the convenience of the main building, are also fairly within the exemption.

The church in question, located in a growing city, owns a lot valuable and commanding for business purposes. The inducements to divert it from religious to secular uses are tempting. The revenues of the church will be thereby increased. Accordingly, the trustees set apart seventy-five by sixty feet, erect business houses, and rent them. It seems pretty clear that these business houses are " situate " where they are erected, and that, too, to the exclusion of the house of worship. We might, indeed, fancy the house of worship situate there also. But it is not presumed desirable to resort to such a fiction to sustain the claim of even a religious corporation. On the contrary, when we speak of the house of worship as situate on one part of the lot and the business houses on the other, we speak of things as they exist, in a language easily understood.

The word " situate," as here applied, is a term of relation. Relatively to us the church in question is situate in the city of *Evansville;* relatively to the greater part of the other buildings in that city, it is situate on lot 107 ; and relatively to those business houses rented as aforesaid, it is situate on part of that lot. In this latter sense alone is it applicable to the present case. The house is situate on so much of the lot as belongs to the same general owner, and is appropriated to the same general purpose. Where, however, any part of the lot is diverted to secular uses for gain, it ceases to be exempt. The house of worship is no longer situate on such part, within the meaning of the statute.

We think the Court ruled correctly in sustaining the demurrer to the plea.

The other sections to which we have been referred, confirm us in the above construction.

The provisions of the statute being the only authority cited, we have not examined any other. It is, however, matter of history, that several of the states have similar

May Term,
1853.

exemptions. Many of the eastern churches are rich in city property, built up and rented out for secular purposes. From the fact that no reported case has been produced on either side, it is presumed there is none. It is presumed these rich religious corporations have prudently abstained from agitating a doubtful claim.

If, however, there are authorities throwing other light on the subject, they can easily be brought to our notice by petition for a rehearing.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*J. E. Blythe*, for the plaintiff.

*C. Baker*, for the defendant.