The City of Madison and Others *v.* Fitch and Others.

———————◆◆———————

THE CITY OF MADISON and Others *v.* FITCH and Others.

The provision in the charter of the city of Madison which exempts from municipal taxation " goods and produce for export, or in transit, owned or in possession of any inhabitant of the city," is to be construed strictly, and is held to exempt only property in the possession of any consignee simply on storage or to be forwarded.

APPEAL from the *Jefferson* Circuit Court.

PERKINS, J.—*Fitch* and son are resident. of the city of *Madison, Indiana,* and follow the business of buying, slaughtering, and packing pork, which they ship south and sell. They have twenty thousand dollars of capital invested in the business; and the only question in this suit is, whether that twenty thousand dollars is taxable by the city of *Madison.* The Court below held it was not taxable. That city is governed by a special charter, as granted in 1848, and amended in 1849. As granted, in 1848, it subjected to a tax all "real estate, including improvements, situate within the corporate limits of said city; and also a like tax upon all personal property belonging to the residents of said city, *or that may be in the possession of said residents.*" As amended in 1849, the charter subjected to taxation all real estate, &c., and all personal property except " goods and produce for export or in transit, owned or in possession of any inhabitants of the city," &c.

The case turns upon the scope, the comprehension, to be given

The City of Madison and Others *v.* Fitch and Others.

to the term "for export." What property should it be held to include? For export; export where? out of the city; out of the State; out of the nation? Everything that is for sale; all surplus productions of the farmer, the mechanic, the business community generally, are, in one sense, for export. Further, is the capital invested in articles for export exempt from taxation as well as the articles?

It is a settled rule that laws exempting property from taxation are to be strictly. construed. In the language of the Court in *Hanna* v. *The Board, &c.,* 8 Blackf. 352, on p. 355, "the whole community are interested in retaining the taxing power undiminished, and have a right to insist that its abandonment shall not be presumed in any case, unless the deliberate purpose of the State to abandon it expressly appears." See, also, the cases cited in 1st R. S. by G. & H., p. 69, note 2.

Influenced by this principle, we must, in a case of doubt, give a limited meaning to the term "for export," and we think the Legislature has indicated the sense in which it is to be taken in the proviso to sec. 26, p. 25, 1 R. S. *supra,* of the act for the assessment of State and county taxes. That proviso is that no consignee shall be taxed for property in his possession simply on storage or to be forwarded. See *Hoyt* v. *The Commissioners of Taxes,* 23 New York Court of Appeals, 225. *Madison* is a commercial city. Shipments of goods from the East for the interior of our State, and of produce from the interior for export to the East, pass into her warehouses, and through the hands of her merchants. This property is not taxable by the city.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Jer. Sullivan,* for the appellants.

*C. E. Walker* and *G. W. Richardson,* for the appellees.