Trustees of the Methodist Episcopal Church *v*. Ellis *et al.*

----------●----------

## TRUSTEES OF THE METHODIST EPISCOPAL CHURCH *v*. ELLIS ET AL.

TAX.—*Statute.—Rule of Construction.*—A statute which exempts persons or property from taxation is to be strictly construed.

SAME.—*Exemption of Property Erected for Religious Worship.—Parsonage.* Under the provisions of the fourth clause of section 6 of the assessment law (1 G. & H. 69), a parsonage, that has been erected for the convenience and accommodation of the pastor of a church, is not exempted from taxation.

APPEAL from the Wabash Circuit Court.

BUSKIRK, J.—This was a proceeding by the appellants in the court below to enjoin the appellees from collecting certain taxes. The court below sustained a demurrer to the complaint, and the appellants having refused to amend the complaint, judgment was rendered by the court for the appellees, from which judgment the appellants appeal to this court to obtain a reversal thereof. It is claimed by the appellants that the property described in the complaint is, under the laws of this State, exempt from assessment and taxation.

The material facts stated in the complaint are, that the Methodist Episcopal Church, of the town of Wabash, county of Wabash, in the State of Indiana, was a body corporate, organized under the laws of 1843, for religious purposes; that such corporation purchased an in-lot in the said town of Wabash, in the county and State aforesaid, known upon the recorded plat of said town as No. 224; that the said corporation erected upon the said lot a large and commodious church building for religious and public worship of the said congregation; that in the said church is the office and pastor's study; that the said corporation also purchased the west twenty feet of in-lot, in the said town, No. 223; that the said west half of said lot was contiguous to the said lot, No. 224; that the said corporation erected on the said west half of lot No. 223, a building for the residence of the minister officiating in said church; that the said parsonage was erected within twelve feet of the said church building; that there was a door opening from the said church building opposite to, and within twelve feet of, the door opening into the said parsonage, by means of which doors, the minister of the said congregation had access to and from the said parsonage to his study in the said church building and into the main church building when used for public religious purposes; that the said lots were purchased, and the said church building and parsonage were erected by the corporation with corporate means, and that the said lots and buildings were used

solely and exclusively for the purposes of the said religious corporation; that the said corporation derived no rent or income from the said lots or buildings; that the title to the said lots was vested in the trustees of the said corporation, and their successors in office in perpetuity; that the said west half of lot No. 223, had been appraised by the appraisers of real estate for purposes of taxation; that the auditor of the said county had placed the same for taxation on the tax duplicate; that the said duplicate had been placed in the hands of the treasurer of the said county; that the taxes assessed on the said property amounted to forty dollars and ninety cents; that the said treasurer was about to sell the said lot for the payment of the said taxes. The prayer of the complaint was for a perpetual injunction, enjoining the collection of the said taxes.

The real question arising upon the facts stated is, whether the west half of lot No. 223 is exempt from state, county, and local taxation. The decision of the question depends upon the construction to be placed upon section one of article ten of our State Constitution, and clause four of section six of an act entitled "an act to provide for the valuation and assessment of the real and personal property," etc.

Section one of article ten of our constitution reads thus: "Sec. 1. The General Assembly shall provide by law for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for municipal, educational, literary, scientific, religious or charitable purposes, as may be specially exempted by law." 1 G. & H. 50.

The fourth clause of section six of the assessment law reads thus: "Fourth, every building erected for religious worship, and the pews and furniture within the same, and the lands whereon such building is situate, not exceeding ten acres." 1 G. & H. 69.

Chief Justice MARSHALL, in *M'Culloch* v. *The State of Maryland*, 4 Wheat. 316, in speaking of the power of taxation, says:

"The power of legislation, and consequently of taxation, operates on all persons and property belonging to the body politic. This is an original principle, which has its foundation in society itself. It is granted by all for the benefit of all. It resides in the government as part of itself, and need not be reserved where property of any description, or the right to use it in any manner, is granted to individuals or corporate bodies. However absolute the right of any individual may be, it is still in the nature of that right that it must bear a portion of the public burdens, and that portion must be determined by the legislature. This vital power may be abused; but the interest, wisdom, and justice of the representative body, and its relations with its constituents, furnish the only security against unjust and excessive taxation, as well as against unwise taxation.

"Taxation being an attribute of sovereign power, it is subject to the control of the people of each State. The general rule undoubtedly is, that taxation must be levied equally upon all property within the State, but the rule is not inflexible. It may be regulated in the fundamental law, or by the legislative power of the State."

Judge COOLEY, in his valuable work on constitutional limitations, says: "The legislature must also, except when an unbending rule has been prescribed for it by the constitution, have power to select in its discretion the subjects of taxation. The rule of uniformity requires an apportionment among all the subjects of taxation within the districts; but it does not require that everything which the legislature might make taxable shall be made so in fact. Many exemptions are usually made from taxation, from reasons the cogency of which is at once apparent. The agencies of the national government, we have seen, are not taxable by the states; and the agencies and property of states, counties, cities, boroughs, towns, and villages are also exempted by law, because, if any portion of the public expenses was imposed upon them, it must in some form be collected from the citizens before it can be paid. No beneficial object could, there-

Trustees of the Methodist Episcopal Church *v.* Ellis *et al.*

fore, be accomplished by any such assessment. The property of educational and religious institutions is also generally exempted from taxation by law upon very similar considerations, and from a prevailing belief that it is the policy and the interest of the state to encourage them. If the state may cause taxes to be levied from motives of charity or gratitude, so for the like reasons it may exempt the objects of charity and gratitude. * * * * *

" The constitutional requirement of equality and uniformity only extends to such objects of taxation as the legislature shall determine to be properly subject to the burden. The power to determine the persons and the objects to be taxed is trusted exclusively to the legislative department; but over all those the burden must be spread, or it will be unequal and unlawful as to those who are selected to make the payment." *Vide* Cooley Constitutional Limitations, 514.

The constitution of this State has provided for "a uniform and equal rate of assessment and taxation;" and the duty is imposed upon the legislature to "prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal." If the constitution stopped there, it is quite clear to us that the legislature would possess no power to exempt any person or property from the burden of taxation. · In the absence of a constitutional limitation upon the power of the legislature, that department of the government would possess the power to determine, in conformity with the genius and theory of our system of government, the objects and purposes of taxation. But our constitution has conferred upon the legislature the power to exempt property from taxation for municipal, educational, literary, scientific, religious, or charitable purposes, and for no other purpose. But the exemption must be made specially by law. The constitution has, in plain and express language, conferred upon the legislature the power to exempt from taxation property for religious purposes. As we have seen, the legislature has exercised the power conferred. The legislative power of the State has declared that "every building

erected for religious worship, and the pews and furniture within the same, and the lands whereon such building is situate, not exceeding ten acres, shall be exempt from taxation." This statute requires that the building should be "erected for religious worship." Not only the building, pews, and furniture are exempt, but the land on which the same is situated, provided it does not exceed ten acres. The legislature has expressly provided that the building should be erected for religious worship.

It was held by this court in *Orr* v. *Baker*, 4 Ind. 86, that the building must be used for religious purposes; and that if it was diverted to secular uses, for gain, it would be subject to taxation. The manifest purpose of the legislature in providing that the building should be erected for religious purposes, and of this court in holding that such building should be used solely and exclusively for religious purposes, was to prevent religious corporations, under the guise of religion, from deriving an income from such property. The evident purpose of the legislature in limiting the quantity of ground to be exempted from taxation to ten acres, was to prevent religious corporations from becoming large land owners.

It is a well settled rule of construction, that a statute which exempts persons or property from taxation, is to be strictly construed. *Orr* v. *Baker, supra.*

The statute limits the exemption to the building erected for religious worship, the pews, the furniture within the same, and not exceeding ten acres of land. Our functions are purely judicial. It is our duty to construe statutes, and declare what the law is in a given case. We cannot extend the statute beyond its plain and obvious meaning, without encroaching upon the powers of the legislative department; and to do this would be a plain and flagrant violation of the constitution of our State, which provides that "the powers of the government are divided into three separate departments: the legislative, the executive, including the administrative, and the judicial; and no person, charged with official

duties under one of these departments, shall exercise any of the functions of another, except as in this constitution expressly provided." Section 1, article 3, 1 G. & H. 36.

We have given careful and mature consideration to the very able and ingenious argument of the learned counsel for the appellants, but we are unable to see how we can, by construction, extend the statute so as to embrace parsonages that have been erected for the convenience and accommodation of the pastor of the church. The legislature alone possesses that power, and to that department of the government application must be made for relief.

The court committed no error in sustaining the demurrer to the complaint.

The judgment is affirmed, with costs.

*J. U. Pettit, W. G. Sayre, —— Taylor,* and *—— Brenton,* for appellants.

*C. Cowgill* and *C. E. Cowgill,* for appellees.