COURT OF APPEALS OF WEST VIRGINIA. 349

July Term,          Franklin Insurance Company vs. The State.          1872

# Wheeling.

## FRANKLIN INSURANCE COMPANY vs. THE STATE.

### July Term, 1872.

The act of March 2d, 1864, entitled "An act to amend the law concerning insurance and express companies," providing that insurance companies should make return of their premiums collected and uncollected, and pay into the State treasury a tax of three per cent thereon, is unconstitutional; being in conflict with the provisions requiring taxation to be equal and uniform, and applying to no other class of subjects, or corporations, or to individuals.

The amended declaration in this case was filed in the circuit court of Ohio county, on the 7th of January, 1867. The second count in the declaration, to which a demurrer was entered and overruled by the court below, was as follows:

"And for that also the said defendant, at Ohio county, aforesaid, to-wit on the first day of August, 1865, was and thenceforth for a long space of time, to-wit, for the six months immediately preceding the first day of February, 1866, and ever since, has continued to be a domestic insurance company, doing business as such in this State; and during the same six months, as such domestic insurance company, made and renewed many insurances on its own behalf within this State; and during the same six months a large amount of premiums on insurances so made and renewed were paid to the said defendant, to-wit, five thousand dollars, and another large amount of premiums owing to the said defendant on insurances so made and renewed remained uncollected at the expiration of the said six months, to-wit, five thousand dollars; and it became and was the duty of the said defendant, by virtue of the act passed by the Legislature of this State on the second day of March, 1864, entitled "An act to amend the law concerning insurance and express companies," to

make returns to the Auditor of this State, verified as pre-scribed by the said act, within twenty-one days after the said first day of February, 1866, showing the amount of said pre-miums, including as well those remaining uncollected as those which were paid as aforesaid, and at the time of making said return to pay into the Treasury of this State a tax of three per cent. on the amount so returned : Nevertheless the said defendant wholly failed to make return or payment as last aforesaid, during the last mentioned twenty-one days, whereby the said defendant, to-wit, on the 23d day of Febru-ary, 1866, at Ohio county aforesaid, by force of the said act, forfeited and became liable to pay to the said plaintiff not less than one hundred nor more than one thousand dollars, to-wit, the sum of one thousand dollars, which sum of money the said defendant, though often thereto requested, has hitherto wholly refused and still refuses to pay to said plaintiff."

The third count was similar to the second, except that it charged for a liability which accrued for the six months im-mediately preceding the first day of August, 1866; thus charging the defendant for a default of one year.

The court also overruled a demurrer to the third count, and on the trial of the plea of not guilty, gave judgment for the plaintiff, on the 9th of July, 1870, as follows :

" This day came the parties, by their attorneys, and neither party requiring a jury, but each consenting that the matters in controversy in this suit should be decided by the court, and the court having heard the evidence and arguments of counsel, it is therefore considered by the court that the plain-tiff recover against the defendant the sum of nine hundred and fifty-two dollars and eighty-nine cents, with interest thereon from this 9th day of July, 1870, until paid, and its costs in this behalf expended ; the said sum of nine hundred and fifty-two dollars and eighty-nine cents being equivalent to three per cent on the gross receipts of the defendant during the two periods named in the second and third counts of plaintiff's declaration and its interest, and the State, by its attorney, consenting to accept judgment for that sum, instead of the penalty demanded in the plaintiff's writ."

The defendant, the Insurance Company, brought the case here for review.

*Wheat & Forbes* for plaintiff in error.
*The Attorney General* for the State.

BERKSHIRE, P. This action is founded on the fourth section of chapter 33 of the acts of 1864, p. 23. On behalf of the appellant, it was claimed that the taxes assessed against insurance and express companies under the provisions of this act are not equal and uniform with the taxes assessed against the property of other companies and individuals throughout the State; nor the *property* of insurance and express companies taxed according to its *value*, and also that a *higher* tax is thus imposed on the property of such companies than is imposed by law on other species of property belonging to other companies and individuals, of *equal* value. And that the act, therefore, was in conflict with the first section of the eighth article of the constitution of the State.

The 118th chapter of the acts of 1863, in force at the time of the passage of the act of 1864, prescribed the mode of taxation as to the property of *all* incorporated joint stock companies as well as of companies not incorporated and individuals, being repealed by the latter act only as to insurance and express companies.

By inspection of the former act, it will be found that no such taxes were assessed upon the receipts or against the property of any other companies or individuals within the State, and it would seem to follow, therefore, that the taxes levied by the latter act were not equal or uniform, as required by the article of the constitution referred to. And, moreover, it is very clear that, by the act in question, a *higher* tax was imposed on the property of insurance companies—whether their gross receipts for premiums should be regarded as constituting a part of their personal property, of the value of the *amount* of them, or not—than was assessed by law against the property of other companies and individuals of equal value. For if, for example, it should be assumed that one thousand dollars of the gross receipts of such companies be equivalent in value to one thousand dollars worth of other personal property, and certainly it could be of no *greater* value, then while the latter was taxed less than one-third of *one* per cent, or three dollars, the former was liable under the statute

we are considering, to a tax of *three* per cent, or thirty dollars!

But it seems to me it does not necessarily follow that the gross receipts of insurance and express companies, thus taxed, were *in fact* equivalent, in value, to so much *property* or in reality of greater value than the receipts of other companies and individuals of the same amount which as we have seen, were not taxed at all, or at least' only as they went to make up a part of the personal property of such companies and individuals, on which a tax only of thirty cents on the one hundred dollars worth was assessed. And in this respect therefore the taxes imposed on such companies by the act in question, would not seem to be assessed against their *property* according to its *value.*

In my view then, the act under consideration was plainly in conflict with the Constitution of the State and it is our duty therefore to declare that it was invalid.

The judgment must be reversed and the suit dismissed.

Judge Moore concurs.

Judge Maxwell declined to express any opinion as his name is signed to the declaration as acting for plaintiff.

JUDGMENT REVERSED.