The State, *ex rel.* Tieman *et al., v* The City of Indianapolis.

THE STATE, EX REL. TIEMAN ET AL., *v.* THE CITY OF INDI-
ANAPOLIS.

CONSTITUTIONAL LAW.—*Exemption from Taxation.*—*Charitable Purposes*
—The eighth clause of section 7 of the act of December 21st, 1872, Acts
1872, p. 57, "to provide for a uniform assessment of property," etc , ex-
empts from taxation, "The property to the amount of five hundred dol-
lars, of a widow or unmarried female, or of any female minor whose father
is deceased, if her whole estate real and personal not otherwise exempted
from taxation does not exceed in value the sum of one thousand dollars."
*Held,* that said eighth clause of section 7 of said act is unconstitutional and
void.
*Held,* also, that such exemption is not for "charitable purposes," within the
meaning of section 1 of article 10 of the constitution of this State.

From the Marion Superior Court.

*H. Dailey* and *W. N. Pickerill,* for appellants.

*J. A. Henry,* for appellee.

BIDDLE, J.—Affidavit and motion for a writ of mandate
against the City of Indianapolis, to compel the city to
refund certain taxes alleged to have been wrongfully
collected from the relators. The affidavit states that
Maria L. Tieman is the widow of Henry F. C. Tieman,
deceased-; that Maria H. Tieman and Catharine S. Tie-
man are the sole heirs and unmarried daughters of Henry
F. C. Tieman ; that, at the death of said husband and
father, certain real estate descended to the relators, one-
third to Maria L. Tieman as widow, and one-third to each
of the said heirs, being unmarried daughters; that for the
years 1874, 1875, 1876, and 1877, they paid certain taxes
to the said City of Indianapolis, which said city had
assessed against said real estate, amounting to $57.62,
which they allege was wrongfully collected, and that they
have no other property. Prayer that a writ of mandate
may issue in the alternative against the city, commanding
said city to refund the said tax to the relators, or show cause
against the motion.

The writ is moved for under section 7 of the act of

December 21st, 1872, Acts 1872, p. 57, which enacts that " The following property shall be exempt from taxation :

"*Eighth.* The property to the amount of five hundred dollars, of a widow or unmarried female, or of any female minor whose father is deceased, if her whole estate real and personal not otherwise exempted from taxation does not exceed in value the sum of one thousand dollars."

An alternate writ of mandate was issued, upon the return of which the city demurred to the writ and affidavit for the want of facts. The demurrer was sustained. Judgment for the city.

On appeal to the general term, the judgment was affirmed. Appeal to this court.

The appellants insist that the facts averred in the affidavit bring the case within the clause cited, and that the writ of mandate is the proper remedy. We do not now nicely examine these questions, as there is a question underlying the controversy which must first be settled.

Had the General Assembly of the State of Indiana the constitutional power to enact the eighth clause of section 7 as above quoted?

The constitution declares, that " The General Assembly shall provide by law for a uniform and equal rate of assessment and taxation ; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for municipal, educational, literary, scientific, religious, or charitable purposes, as may be specially exempted by law." Art. 10, sec. 1.

If the exemption from taxation claimed in this case can be upheld, it must be under the head of " charitable purposes." A charity, or charitable use. or charitable purpose, means, in law, a public charity, use or purpose, which affects the public alike, without reference to an individual, class, or any particular domestic relation. A private char-

ity, dispensed by an individual, out of his own means, the law will not restrain; but a private charity, dispensed by the State, at the expense of her citizens, can not be upheld. It must be public, benefiting all alike, without reference to individuals or classes, as such. It is the character of the property, its use or purpose, and not the character or class of its owner, that may exempt it from taxation. Among the examples which may be given of property used for "charitable purposes," under the constitution, may be mentioned the Asylum for the Blind, the Institution for the Deaf and Dumb, the Hospital for the Insane, asylums for the poor, and various minor institutions, which enure to the benefit of the public, to all, not to particular individuals or to classes of individuals. To tax the property belonging to these great leading institutions would, for instance, be the same as if the State taxed herself,—figuratively speaking, paying out her revenue with one hand and taking it in with the other. The property, therefore, used for such purposes, may be, by law, exempted from taxation. But, in the case before us, the Legislature proposes to exempt certain property from taxation, not on account of the use or purpose to which the property is devoted, but because the owner of the property belongs to a particular class of persons. distinguished by sex and domestic relation, namely, a widow, an unmarried female, or a female minor whose father is deceased. It is not contended that the property they own is used for a "charitable purpose," but is owned and enjoyed privately. The public have no interest in it whatever, except that general interest which it has in the rights of all its citizens. The constitution contemplates the character and purpose of the property that may be exempted from taxation, not the character and purpose of the owner of the property. If the Legislature can exempt the property of widows, unmarried females, and female minors without fathers, from taxation, they can also exempt the property of widowers, unmarried

males, and male minors who have no father.  By the same
principle, we do not see why they might not exempt the
property of students, apprentices, milliners, mantua-mak-
ers, or any other worthy individuals or classes, which
might be supposed less able to bear their proportionate
burdens necessary to the State's existence, than the more
stalwart and wealthy.  It is the use of the property for
the public benefit which will authorize its exemption from
taxation by law.  To exempt by law private property, owned
by a private person and used for a private purpose, on
account of the sex or domestic relation of the owner, is a
violation of the constitutional principle, that taxation
shall be uniform and equal on all property, both real and
personal.  The common burden of taxation should be reg-
ulated by a fixed general rule, apportioned and sustained
by a uniform ratio of equality.  Exemption from taxation
should be based only on a well grounded public policy, by
which all share in the benefits.  In speaking of invidious
exemption, Judge Cooley says: "It is difficult to conceive
of an exemption law which selects single individuals or
corporations, or single articles of property, and taking them
out of the class to which they belong, makes them the sub-
ject of capricious legislative favor.  Such favoritism could
make no pretence to equality; it would lack the semblance
of legitimate tax legislation." Cooley Taxation, 153.  Upon
the same principle, extra burdens can not be laid upon
individuals or classes, by taxing their property above the
uniform rate, as against foreigners, different races or color.
A law discriminating against the Chinese, in taxation, has
been declared unconstitutional by the courts of California.
*Lin Sing* v. *Washburn*, 20 Cal. 534.

We have found no case in point with the one before
us.  We think there are none wherein the favor of exemp-
tion from taxation of property was ever granted to an
individual on account of sex or domestic relation; but
the following text-books discuss the question exhaustively,

and the following authorities apply and maintain the constitutional principle with great uniformity: Bouvier Dict., tit. Charitable Uses; Abbott Dict., tit. Charitable Uses; Burroughs Taxation, 132, 136; Hilliard Taxation, 71, 106; Cooley Taxation, 124-174; *Hanna* v. *The Board of Com-m'rs of Allen Co.*, 8 Blackf. 352; *Orr* v. *Baker* 4 Ind. 86; *The Common Council of Indianapolis* v. *McLean*, 8 Ind. 328; *The City of Lafayette* v. *Jenners*, 10 Ind. 70; *The City of Madison* v. *Fitch*, 18 Ind. 33; *Lima Township* v. *Jenks*, 20 Ind. 301; *Trustees of the Methodist Episcopal Church* v. *Ellis*, 38 Ind. 3; *O'Neal* v. *The Virginia and Maryland Bridge Company*, 18 Md. 1; *State, etc.*, v. *Parker*, 3 Vroom, 426; *Durach's Appeal*, 62 Pa. State, 491; *Slaughter* v. *The Commonwealth*, 13 Grat. 767; *Fletcher* v. *Oliver*, 25 Ark. 289; *Franklin Ins. Co.* v. *The State*, 5 W. Va. 349; *O'Kane* v. *Treat*, 25 Ill. 458; *Franklin* v. *Armfield*, 2 Sneed, 305.

Upon principle, and according to the authorities, it is our plain duty to hold that the eighth clause of sec. 7 of the act of December 21st, 1872, " to provide for a uniform assessment of property, and for the collection and return of taxes thereon," is unconstitutional and void.

Having thus decided the main question in the case, the other questions have become immaterial.

The judgment is affirmed, at the costs of the relators.

Petition for a rehearing overruled.