UNITED BRETHREN PUBLISHING ESTABLISHMENT v.
SHAFFER, TREASURER OF HUNTINGTON
COUNTY, ET AL.

[No. 9,874.   Filed June 20, 1919.   Rehearing denied October 7,
1919.   Transfer denied November 17, 1920.]

1.   TAXATION.—Exemptions.—Statutes.—Construction.— Statutes exempting persons or property from taxation are to be strictly construed.   p. 181.

2.   TAXATION.— Exemptions.— Charitable Institutions.— Church Publishing House.—Giving Net Proceeds to Charity.—Where a church publishing establishment is operated within the control, and to further the religious work, of the church officers and membership, not as a charitable institution but at a profit, which is devoted to charitable work in the relief of traveling and worn-out preachers, it is not entitled to exemption from taxation under §§10144, 10145 Burns 1914, Acts 1893 p. 12, Acts 1891 p. 199, §6.   p. 181.

From Huntington Circuit Court; Samuel E. Cook, Judge.

Action by the United Brethren Publishing Establish-

ment against Abner H. Shaffer, as treasurer of Huntington county and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Samuel M. Sayler* and *C. K. Lucas,* for appellant.
*Claude Cline* and *Milo Feightner,* for appellees.

NICHOLS, P. J.—The appellant filed its complaint against appellees in the Huntington Circuit Court, the substantial averments of which are that the appellant is a religious and charitable institution and a part of the church of the United Brethren of Christ, and for the more complete prosecution of its purposes has been incorporated under the laws of the State of Indiana, as a corporation without stockholders, and no capital stock has been issued or provided for by the articles of incorporation thereof, but it has been solely incorporated as a part of said church. The appellant, through its officers and trustees, is under the direct control of the general conference of the church, and its officers and trustees are required to report to the general conference of the church. It has been clothed with powers to make by-laws so long as the same shall not conflict with the provisions of the charter of the appellant, nor with the rules of the church.

The appellant is engaged in the publishing of a church paper called "Christian Servitor," and numerous Sunday school papers and literature used in the Sunday schools of the church, through its publications furnishing a means of communication between the members of the church in its religious work.

The proceeds of the appellant, over and above contingent expenses, are applied to the benefit of traveling and worn-out preachers and their widows and orphans, the distribution of any available profits of the publishing establishment for this purpose to be in proportion to the number of regular ministers in each annual con-

ference who are itinerants, according to the "itinerant plan" of the discipline. It is the duty of the secretary of the annual conference each year to report to the publishing agent the true number of such itinerants as found on the records of the several conferences; also, the name and address of the conference treasurer appointed to receive dividends awarded to his conference.

The trustees and officers of the appellant have no power to divert the proceeds from the above-mentioned purpose, and the distribution of such proceeds as provided by the articles of incorporation and the rules and discipline of said church constitute a religious and charitable institution under the laws of the State of Indiana, and, as such, all the real estate belonging to the appellant which is used for the above and foregoing named purposes and the personal property and endowment and interest are exempted from taxation under the laws of the State of Indiana.

The appellant is the owner of two certain tracts of real estate in the town, now city, of Huntington, Huntington county, Indiana, the first tract of which is used exclusively for the purposes set forth in appellant's complaint, to wit, the publishing of a church paper and church and Sunday school literature and religious knowledge for the members of said church, and for the aforesaid charitable purposes. The last-described tract of land has been acquired for the purpose of erecting thereon a building for the better prosecution of its aforesaid charitable purposes, and appellant is now erecting such building on said real estate, but the same has not yet been completed. The appellant has personal property and an endowment fund and interest for the above and foregoing purposes and uses.

There has been placed on the tax duplicates of the county of Huntington the above and foregoing tracts of real estate, and the personal property and endowment

and interest has been placed on such tax duplicates, and the appellee treasurer of said county is threatening to collect the taxes thereon for the year 1914, and, on the refusal of the appellant to pay the same, is threatening to levy on such property and sell it, to the great and irreparable damage of the appellant. The appellee auditor of Huntington county is threatening to put all the above and foregoing real estate and personal property, endowment and interest, on the tax duplicates of said county for the year 1915, and to place the same so that the treasurer of said county can enforce the collection of taxes upon the same, unless restrained by the court, to the irreparable damage of the appellant. There is a prayer for a restraining order, a temporary and a perpetual injunction.

The appellees filed their demurrer to this complaint with memorandum, which demurrer was sustained, to which ruling of the court the appellant excepted, and failing and refusing to plead further, but electing to stand by its complaint, judgment was rendered against the appellant that it take nothing by reason of its complaint. From this judgment the appellant prosecutes this appeal, assigning as error the ruling of the court in sustaining the demurrer to its complaint.

Appellant contends that under §§10144, 10145 Burns 1914 (Acts 1893 p. 12, Acts 1891 p. 199, §6) it is such a charitable organization that it is exempt from 1-2. taxation. This question, however, was early submitted to the Supreme Court of this state in the case of *Orr* v. *Baker* (1853), 4 Ind. 86, in which case it was held that, under a statute similar to §§10144, 10145, *supra,* which statute exempted from taxation the lands whereupon every building erected for religious worship is situate, not exceeding ten acres, it was not intended to include any part of the land which is diverted to secular uses or gain. It was held in that case

that such exemptions are not to be favored by the courts, and that they should be confined to the specified objects, and to such as by reasonable intendment the legislature must have had in contemplation. In short, the statute which exempts persons or property from taxation is to be strictly construed. This case is cited with approval in the case of *City of Indianapolis* v. *Grand Master, etc.* (1865), 25 Ind. 518, in which case, applying the rule of strict construction, the court says that "it cannot be held that the use of the building * * * for mercantile purposes is a use by a charitable institution, within the meaning of the statute, * * *."

In *Greenbush Cemetery Assn.* v. *Van Natta* (1912), 49 Ind. App. 192, 202, 94 N. E. 899, the case of *Orr* v. *Baker, supra,* is cited, and, speaking with reference to that case, the court said: "Considering the statute and the facts of that case, the holding that the part of the property occupied and used exclusively for business purposes was not exempt from taxation was eminently correct" and stating that the same principle governed in the case of *City of Indianapolis* v. *Grand Master, etc., supra.*

Without discussing or citing other authorities, we hold that it is not enough that the proceeds of the business conducted by the appellant is used for charitable purposes; the institution itself must be used for such purposes and must itself be a charitable institution, and not one organized for the purpose of profit, notwithstanding the fact that the proceeds or profits of the business are devoted to a most worthy charitable purpose.

The judgment is affirmed.