THE HEBREW FREE SCHOOL ASSOCIATION OF THE CITY OF NEW YORK, Respondent, v. THE MAYOR, ALDERMEN AND COMMON- ALTY IN THE CITY OF NEW YORK et al., Apppellants.

Premises in the city of New York used by a religious society for a school, of which it is simply the lessee, not the owner, are not exempt from taxation (Chap. 282, Laws of 1852).

Where a former judgment between the parties is not pleaded as an estop- pel or given in evidence on the trial, its effect as bearing upon the facts in issue may not be considered on appeal.

(Argued March 25, 1885 ; decided October 6, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made November 13, 1883, which affirmed judgment in favor of plaintiff, entered upon a decision of the court on trial by the Special Term.

This action was brought to restrain defendants from collect- ing taxes imposed upon premises in the city of New York, occupied by plaintiff for a school, and to have said taxes adjudged illegal and void.

Plaintiff did not own, but leased the premises ; it claimed them to be exempt under the Revised Statutes. (1 R. S. 388, § 4, subd. 3.)

*D. J. Dean* for appellants. The property in question was not the property of a religious society, nor of the New York Public School Society, and for that reason was not exempt from taxation. (Laws of 1852, chap. 282 ; 93 N. Y. 198.) The power of taxation is essential to the existence of government, and no species of property can secure exemption from govern- mental charges, except by specific provision of statute. (Bur- roughs on Taxation, § 70; *People, ex rel. v. Comrs.*, 95 N. Y. 556 ; 82 id. 459 ; *Roosevelt Hospital v. Mayor, etc.*, 84 id. 108 ; *People v. Tax Comrs.*, 76 id. 614.) The covenant of the plain- tiff to pay, in behalf of Mr. Fish, the tax imposed on his prop- erty, inures to the benefit of the city, and may be enforced by

it. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Hutchins* v. *Minor*, 46 id. 456; *Burr* v. *Burr*, 24 id. 178; *Ricord* v. *Sanderson*, 41 id. 179; *Guernsey* v. *Rogers*, 47 id. 233; *Vroom* v. *Turner*, 69 id. 280; *People* v. *Assessors*, 32 Hun, 457.)

*Myer S. Isaacs* for respondent.    The facts established show the exemption of the premises from taxation.    (2 R. S. [7th ed.] 982, § 4; 1 R. S., chap. 13, pt. 1, tit. 1, § 4, subd. 3; Laws of 1852, chap. 282.)    The corporation is a religious society within the meaning of the statute.    (*Hebrew F. School* v. *Mayor, etc.*, 4 Hun, 446; *Stephenson* v. *Short*, 92 N. Y. 445.) The claim of the defendant that the exemption does not apply to plaintiff, because it is not the owner in fee of the lots upon which the building is erected, is untenable.    (*Mayor, etc.*, v. *Colgate*, 12 N. Y. 140.)    The defendants having acquiesced in the determination of the General Term, which is final, upon the issues herein; they are estopped from questioning its validity or conclusiveness.    (Bigelow on Estoppel, 22–24; *Fellows* v. *Hermance*, 13 Abb. Pr. [N. S.] 10; *Bachman* v. *N. Y. Bund*, 12 Abb. N. C. 54; *Gardner* v. *Gardner*, 87 N. Y. 14–17.)

RAPALLO, J.    The act of 1852 (Chap. 282) provides that the exemption of school-houses and seminaries of learning from taxation under the Revised Statutes, "shall not apply to any such building or premises in the city of New York unless the same shall be exclusively used for such purposes and exclusively the property of a religious society or of the New York Public School Society."

The lot upon which the school-house occupied by the plaintiff is situated is not exclusively the property of the plaintiff, but is owned in fee by Hamilton Fish.    Neither does the record nor the evidence in this case show that the plaintiff is the owner of the building.    All that is disclosed upon the subject by the evidence is that by indenture of lease dated October 18, 1864, Hamilton Fish demised to Joseph Meyer the premises in question for the term of twenty-one years from the first of

November, 1864, at the annual rent of $225, the lessee covenanting to pay all taxes and assessments which should be imposed on the demised premises during said term, which lease was subsequently assigned to the plaintiff. The entire lease is not set forth in the printed case, and it does not even appear that it contains any covenant on the part of the lessor to pay for the buildings or renew the lease. As the case stands before us, the plaintiff is simply the lessee of the premises upon which the tax was levied, the fee being in Hamilton Fish, who is assessable therefor as owner. It is not necessary, therefore, to pass upon the question whether the plaintiff is a religious society within the meaning of the act of 1852. It is a sufficient answer to this action that the real estate taxed is not exclusively the property of the plaintiff, the fee being in an individual liable to taxation. This action is brought to declare void the taxes levied on said lot and building for the years 1866, 1867 and 1868. It is alleged in the plaintiff's points, and appears from the report in 4 Hun, 446, that in an action brought by the same plaintiff against the same defendant to annul the taxes levied on the same premises in the years 1869 and 1870, judgment was rendered in November, 1874, declaring the premises to be exclusively the proprety of a religious society exempt from taxation. The opinion of the General Term affirming that judgment was adopted as the opinion of the court in the present case, and covers all the claims made by the plaintiff. That judgment was not, however, pleaded as an estoppel, or given in evidence in the case before us, and its effect cannot, therefore, be now considered.

The judgment should be reversed, and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.