this instance, commence a new action (*Lane* agt. *Salter*, 51 *N. Y.*, 1; *Money* agt. *Tracey*, 92 *id.*, 581).

We think the order appealed from should be affirmed.

All concur, except MILLER, J., absent.

## SUPREME COURT.

· THE HEBREW FREE SCHOOL ASSOCIATION OF THE CITY OF NEW YORK agt. THE MAYOR, &c., OF NEW YORK and others.

*Estoppel of judgment — effect of judgment which stands unreversed, when pleaded in a proceeding between same parties, and which covers all the claims made by the plaintiff.*

As to all matters, either of fact or law, which legally might have been and actually were litigated in an action or special proceeding between the same parties, in a court of competent jurisdiction, the judgment rendered therein is binding and conclusive in all litigations between the same parties.

Where a former judgment between the same parties is given in evidence in a case on trial before a judge at special term, which judgment covers all the claims made by the plaintiff in such case, it is conclusive on the trial judge.

*Special Term, February, 1886.*

THIS action was brought to restrain defendants from collecting taxes imposed upon premises in the city of New York, · occupied by plaintiff for a school, and to have said taxes . adjudged illegal and void.

This was a retrial of the action, a new trial having been · ordered by the court of appeals, upon reversing a former judgment in favor of the plaintiff.

*A. D. Sanger*, for plaintiff.

*D. J. Dean*, for defendant.

Hebrew Free School Association, &c., agt. Mayor, &c., of New York.

VAN VORST, *J.* — When this case was in the court of appeals that court declined to pass upon the question as to whether the defendants were not estopped by the judgment of this court in the action between the same parties for the taxes of the years 1869 and 1870, for the reason that the judgment had not been pleaded or given in evidence in the case before it (*Hebrew Free School Association* agt. *Mayor, &c.,* 99 *N. Y.,* 488).

The opinion of the general term affirming that judgment was adopted as the opinion of this court in the present case, and, as the court of appeals says in its judgment, "covers all the claims made by the plaintiff."

That judgment has been pleaded and has been given in evidence in the case before me, and if it "covers all the claims made by the plaintiff," I do not see but that it is decisive, at least in so far as I am concerned.

The court of appeals, in a late case (*Leavitt* agt. *Wolcott,* 95 *N. Y.,* 212), in an action brought for the construction of a will, declined to pass upon the questions raised, for the reason that in an action of partition between the same parties the validity of the same will had been disposed of, the court of appeals holding that "whatever may be the rule as to such matters as might have been, but were not litigated in a prior action, it is well settled that as to all matters, either of fact or law, which legally might have been and actually were litigated in an action or special proceeding between the same parties, in a court of competent jurisdiction, the judgment rendered therein is binding and conclusive in all litigation between the same parties."

Considering the questions now raised to have been distinctly passed upon in the case between the same parties (*reported in* 4 *Hun,* 446), it is for the general term to decide to what extent, if any, that judgment is affected by this subsequent case in the court of appeals. That judgment still stands unreversed, and its effect as an estoppel yet remains to be determined. I hold it to be conclusive here. The plaintiff must have judgment.