ALEXANDER G. BLACK, APPELLANT, *v.* THE CITY OF BROOKLYN AND JOHN C. McGUIRE, REGISTRAR OF ARREARS, RESPONDENTS.

*A church sold under a foreclosure of a mortgage to an individual, who still permits it to be used for public worship, is not exempt from taxation.*

A church edifice, erected and used for the purposes of religious worship, and subsequently sold under a judgment of foreclosure to a party, who for a time, during which certain taxes are levied upon the property, allows it to be used for public worship, is not entitled to exemption from such taxes, nor can the purchaser maintain an action to have such taxes declared void.

*People ex rel. Rorke* v. *Assessors* (32 Hun, 457) followed.

The law was intended to benefit church societies and incorporations; and as no religious society can be benefited by the exemption from taxation of the property in the hands of a private individual, he cannot maintain an action to have the taxes declared void.

APPEAL from a judgment recovered upon the trial of this action at a Special Term of this court, held in the city of Brooklyn on October 3, 1888, and entered in the office of the clerk of Kings county on October 4, 1888, dismissing the complaint, with costs, and dissolving a preliminary injunction heretofore granted in this action.

*Arnold & Greene*, for the appellant.

*William T. Gilbert*, for the respondents.

DYKMAN, J.:

It is the object of this action to secure exemption from taxation for certain real property in the city of Brooklyn, and to obtain a judgment which shall declare certain taxes levied upon the property illegal and void.

There was erected upon the premises in question, many years ago, a church edifice, which was devoted to the purposes of religious worship. There was a mortgage upon the property, which was foreclosed, and the property was sold under the judgment in that action, and the plaintiff became the purchaser of the property at such sale, and received the deed of conveyance therefor in March, 1885, and has since that time been the individual owner thereof. The property was not assessed for taxation, and no tax was levied against the same until the plaintiff became the owner. It was used as a place of public worship until August, 1887, and, as we gather the facts, it has not since been used for any purpose, but has been in the market for sale as the private property of the plaintiff.

The plaintiff's claim for exemption for this property is based upon the statute which exempts from taxation " every building erected for the use of a college, incorporated academy or other seminary of learning, every building for public worship, every school-house, court-house and jail, and the several lots whereon such buildings are situated, and the furniture belonging to each of them." The statute quoted was not made for this plaintiff. If he can successfully invoke its provisions to secure immunity from taxation for the property in question, then any private property hired out and used for educational or religious purposes will escape taxation for the same reason. Such never could have been the intention of the legislature, and the statute is not fairly susceptible of such interpretation. The law was intended to benefit church societies and incorporations, and seminaries of learning. No religious society would be benefited by the exemption of this property from taxation in the hands of the plaintiff. He is the only party interested in the question, and no other party will be prejudiced by a sale of the property for unpaid taxes.

There was a similar question presented to us in *People ex rel. Rorke* v. *Assessors* (32 Hun, 457), and we refused the exemption; and our decision was affirmed by the Court of Appeals. The

reasons which induced the conclusion reached in that case have application here, and, in our view, they are unanswerable.

The judgment should be affirmed, with costs.

Pratt, J., concurred.

Judgment affirmed, with costs.