THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE W. TUNNICLIFFE, Appellant.

*Supreme Court, Third Department, General Term, September 21, 1889.*

*Pleadings. Frivolous.*—An answer, which denies " complaint in each and every allegation therein contained," is a good denial and not frivolous.

Appeal by defendant from an order of special term granting motion for judgment on the ground that the answer was frivolous.

Action to recover penalties under chap. 534, Laws of 1879, as amended by chap. 437, Laws of 1886, prohibiting the having certain kinds of trout in possession during certain seasons of the year. The complaint set up twenty violations of the law and demanded the accumulated penalties, viz., $500, with costs.

The answer denied " the complaint in each and every allegation therein contained."

Plaintiffs' attorney thereupon moved for judgment on the pleadings, on the ground of the frivolousness of the answer, as it did not contain a general or specific denial of the material allegations of the complaint, which motion was granted, with costs.

*C. P. Coyle*, for appellant.

*C. R. Patterson*, district attorney, for respondents.

LEARNED, P. J.—We are satisfied that the answer in this case was a good denial of all the allegations in the complaint. It denies the complaint in each and every allegation therein contained.

This plainly means that the defendant denies all the allegations of the complaint.

Neither complaint nor answer were verified.     There was, therefore, no reason why the defendant should attempt any evasive denial.

We think that the answer was not frivolous.     The order appealed from is reversed, with ten dollars costs and printing disbursements, and the motion for judgment on the frivolousness of the answer is denied, with costs.

FISH, J., concurs ; PUTNAM, J., not acting.

## NOTE ON " FRIVOLOUS PLEADING."

An answer, which raises no issue of fact, is frivolous.   Mixer *v.* Schreiner, 39 N. Y. St. Rep. 279.

Where argument is necessary to demonstrate the weakness of a pleading, it cannot be declared frivolous.   Barney *v.* Kink, 37 N. Y. St. Rep. 533. 535 ; Hagadorn *v.* Village of Edgewater, Id.   542.

No part of a verified answer can be stricken out as sham.   Id.

An answer, which denies the " complaint in each and every allegation therein contained," is not frivolous.   People *v.* Tunnicliffe, 54 Hun, 633.

An answer, denying each and every allegation in complaint, not herein specifically admitted or denied, cannot be stricken out as frivolous, irrelevant or redundant.   Owens *v.* R. H. Pharmacy, 38 Hun, 611.

The denial of each and every allegation, not theretofore admitted, cannot be stricken out as frivolous.   Taylor *v.* Smith 55 Hun, 608.

A frivolous demurrer cannot be striken out.   Farmers' & M. Nat. Bk. *v.* Rogers, 19 N. Y. St. Rep. 464.

The question raised by the answer was held to be not so clear in favor of the plaintiff as to justify the court in striking out the answer as frivolous. Nat. B. Bk. *v.*   Swift, 59 Hun, 624.

A denial, which presents question, whether the defendant is liable to arrest, raises a material issue.   Dubois *v.* Sistare, 59 Hun, 353.

An answer, denying on information and belief, the endorsement and ownership of a note, is not sham or frivolous.   Robert Geer Bank *v.* Inman, 51 Hun, 97.

Note on " Frivolous Pleading."

In an action against a corporation as acceptor of a draft, an answer denying the acceptance to be a corporate act, is not frivolous. Mather *v.* U. L. & T. Co., 26 N. Y. St. Rep. 58.

Where the answer, in an action on a note made by a firm, sets up a former action upon the note and the recovery of a judgment therein against the partners other than the answering defendant, it was held not to be frivolous. Nat. Broadway Bank *v.* Swift, 59 Hun, 624.

It is necessary, in an action by the plaintiffs against their agent to recover the proceeds of goods sold, for them to prove the defendant's failure to pay the money over, and an answer which contains the denial of that fact is not frivolous. Harland *v.* Howard, 57 Hun, 587.

Where the answer in an action on a promissory note by the payee against the maker alleged that there was an entire failure of consideration, and denied that the amount or any part thereof was due to plaintiff, it was held not to be frivolous as stating mere conclusions of law. Churchill *v.* Witbeck, 24 Abb. N. C. 122.

Where the answer, in an action against the corporation as the acceptor of a draft, alleged that the defendant was not a monied corporation, that the acceptance was not made in the regular course of business, nor was the authority or approval of its directors or stockholders, but that it was made by defendant's vice-president at his private office on his own account, as an accommodation solely to the drawer and without any consideration to defendant, it was held not to be frivolous. Mather *v.* Union L. & T. Co., 26 St. Rep. 58.

Affidavits cannot be used on a motion for judgment on an answer as frivolous, but the motion must be determined solely by an inspection of the pleadings. Platt & W. R. Co. *v.* Hepworth, 13 Civ. Pro. 122. An answer by three of four defendants all of whom are sued as copartners, denying a sale to the three answering is frivolous. Id.