May 29, 1890.

Taxes — Exemption — Property Leased for School Purposes.— The mere use and occupancy of premises for educational purposes by a school or seminary, under a lease from the owner thereof, do not entitle him to claim the benefit of the statutory exemption from taxation.

Same—Extent of Exemption.—The exemption allowed by the statute relates only to such property as the society, corporation, or trustees of such institution of learning would be bound to pay taxes on, as owner, but for the exemption.

Same—Statute Strictly Construed.—Statutes exempting property from taxation are to be strictly construed.

Case certified from the district court for Hennepin county, by *Hooker,* J., in proceedings to enforce payment of delinquent real-estate taxes.

*Robert Jamison* and *Frank M. Nye,* for plaintiff.

*Harlan P. Roberts,* for defendants.

VANDERBURGH, J. Prior to the levy of the taxes in dispute here upon the property described in the record, the present owners, Bell and Maloney, had become the owners thereof by purchase, and had leased the same to the trustees of an institution of learning known as "Bennett Seminary," at a stipulated annual rental, and the premises were occupied by the seminary during the year for which such taxes are sought to be enforced. Bell and Maloney claim that the property is exempt from taxation because of such occupancy of the premises by the seminary, under Gen. St. 1878, c. 11, § 5, which provides that "all property, * * * to the extent herein limited, shall be exempt from taxation; that is to say: All public school-houses, academies, colleges, universities, and seminaries of learning, with the books and furniture therein, and the grounds attached to such buildings necessary for their proper occupancy, use, and enjoyment, and not leased or otherwise used with a view to profit." The object of such exemption is undoubtedly to promote the cause of

education, by fostering and encouraging the establishment and maintenance of institutions of learning. The buildings, with the necessary grounds, furniture, and other personal property mentioned, are exempt from taxation as the property belonging to such institutions; and the exemption will therefore be intended to extend to the property of the trustees, corporation, or party under whose control they are, within the specified limitations. The property "leased or otherwise used with a view to profit" evidently refers to the property belonging to the institution itself, or held in trust for it; but there can be no distinction, as respects the tenure by which the property mentioned in the statute is held, between that which is in actual use for the purposes of the institution and that which it leases to others. But it would hardly be necessary to introduce into the statute the limitation just referred to, if use or occupancy was the sole test of the right of exemption; and under the strict rule of construction adopted by this court, it must clearly appear that the property is entitled to the privilege of exemption. In *St. Peter's Church v. County of Scott*, 12 Minn. 280, (395,) it is said: "No property should be exempt from taxation in the absence of clear and explicit legislation authorizing the same, and in the construction of a law exempting property from taxation, courts will indulge no presumption that will extend the exemption beyond the plain requirements of the law itself." That is to say, the claim to the privilege of exemption must be supported by the plain language of the statute. It does not clearly appear from our statute that property leased and used by an educational institution is intended to be exempt. It it had been the intention of the legislature to exempt all property exclusively used for educational purposes, it would have been very easy to have said so, as it is clearly expressed in the statutes of some of the states. *Washburn College v. Com'rs*, 8 Kan. 344. As before suggested, the object of the statute was to benefit the public by exempting the property of institutions of learning. But the lessors claiming the benefit of the exemption in this case are mere private owners of the property, and the exemption is not for the lessees, the trustees of the seminary, and it can only be claimed *arguendo* to be for their benefit in an indirect and collateral way. *Black v. City of Brooklyn*, 51 Hun, 581,

(4 N. Y. Supp. 78.) It we are right in our construction, then the mere use for school or educational purposes of the property of a private owner, sustaining merely the relation of lessor to a school or seminary, does not create an exemption in his favor. In short, as respects seminaries and educational institutions, the statute has reference to such buildings, with the site, which the society, board, corporation, or trustee representing such institution, and holding its property, would be bound to pay a tax on as owner but for the exemption. *People* v. *Assessors*, 32 Hun, 457, 97 N. Y. 648; *Montgomery* v. *Wyman*, (Ill.) 22 N. E. Rep. 845.

Order affirmed.