Rockingham,  
May 7, 1907.

PORTSMOUTH SHOE CO. *v.* PORTSMOUTH.

A vote of city councils exempting from taxation the manufacturing establishment of A does not operate as an exemption of real estate owned by B, but leased to A and used by the latter for the purposes of the exempted business.

PETITION, for an abatement of taxes. Transferred from the April term, 1906, of the superior court by *Chamberlin*, J., upon an agreed statement of facts. The case is now before the court upon the plaintiffs' motion for a rehearing.

Early in 1903, the Gale Shoe Manufacturing Company, a Massachusetts corporation, desired to come to Portsmouth and there engage in the manufacture of shoes. On April 27, 1903, the city councils voted to exempt that corporation from taxation for ten years upon " the manufacturing establishment, factory, and plant occupied by it, with its property and assets, and the capital to be used in operating the same." The Gale Company then leased for

the term of five years the shoe factory and machinery owned by the plaintiffs, and covenanted to pay all taxes assessed upon the leased premises. In 1904, the assessors levied a tax upon the leased property against the plaintiffs, for which they seek an abatement. They are entitled to such abatement if the property was legally exempted; otherwise, they are not. If the exemption is not sustained, the case is to be discharged.

*Page & Bartlett*, for the plaintiffs.

*John L. Mitchell*, for the defendants.

WALKER, J. "Towns may by vote exempt from taxation, for a term not exceeding ten years, any manufacturing establishment proposed to be erected or put in operation therein, and the capital to be used in operating the same, unless such establishment has been previously exempted from taxation by some town." P. S., *c.* 55, *s.* 11. It is argued that this statute authorized the city councils of Portsmouth to pass the vote of April 27, 1903, by which it attempted to exempt the Gale Shoe Manufacturing Company from taxation upon "the manufacturing establishment, factory, and plant occupied by it, with its property and assets, and the capital to be used in operating the same," and that this vote covered the property in question, which it subsequently leased of the Portsmouth Company. One question presented, therefore, upon the plaintiff's contention, is whether the city councils could exempt the Portsmouth Company's property from taxation under the vote exempting the Gale establishment. Did the legislature intend to confer authority upon towns to exempt property owned by A, but leased to B and used by the latter in his exempted establishment? Until the property was turned over to the lessee, it was taxable in Portsmouth. Its owner held it subject to that burden. And after the lease it remained taxable to the owner, if it was taxable at all. It could not be taxed to the lessee without the latter's consent. P. S., *c.* 56, *s.* 14. In short, it remained the property of the lessor, whose claim is, in effect, that it is not legally taxable as the owner of it, because it is used by the lessee whose property is exempt. But unless a somewhat liberal construction of the statute is to be adopted, this conclusion cannot be sustained. "The language of the statute strongly supports this conclusion, and so does the uniform current of authority, that taxation being the rule and exemption the exception, the exemption is to be strictly construed, and will never be permitted to extend, either in scope or duration, beyond what its terms clearly require."

*Boody* v. *Watson,* 63 N. H. 320.   See, also, *New London* v. *Academy,* 69 N. H. 443 ; *Williams* v. *Park,* 72 N. H. 305, 311.

It is certain that the language of the statute does not clearly disclose an intention to allow the exemption of one man's property from taxation, because it is used by another under some contractual arrangement between them, in a business which enjoys an exemption.   If the mere use of the property, without regard to its ownership, had been intended to be the test to determine whether it could be exempted under the statute, it would be natural to expect more explicit language indicating such a purpose. The "manufacturing establishment" referred to in the statute means, or relates to, the property of the proprietors of the industry, who receive the benefit conferred by the statute, and not the property of others having no interest in the prosecution of the business.   The city councils of Portsmouth had no power to vote to exempt the property of the plaintiff upon the condition that it should lease it to another manufacturing company.   Though the vote did not directly take that form, that is the practical effect of it, as claimed by the plaintiff.   A construction of the statute supporting such a transaction would be an encouragement, not of manufacturing industries, which is the fundamental purpose of the statute ( *Opinion of the Court,* 58 N. H. 623), but of the business of leasing manufacturing property.   Any benefit derived by the lessee in such a case from the exemption would be indirect and remote depending, not upon the statute, but upon the leasing contract.   As said by the court in *County* v. *Bell,* 43 Minn. 344, 345 : "The lessors claiming the benefit of the exemption in this case are mere private owners of the property, and the exemption is not for the lessees,   .   .   .   and it can only be claimed *arguendo* to be for their benefit in an indirect and collateral way."   Evidently, under the usual rules for the construction of tax-exempting statutes, the legislative purpose to relieve property from the tax burden cannot be found by indirection and surmise.   The plaintiff's property was legally taxable.   The fact that the Gale Shoe Company agreed in the lease to pay the taxes does not affect the question of the statutory exemption.   *People* v. *Assessors,* 32 Hun 457 ; *Black* v. *Brooklyn,* 51 Hun 581 ; *Humphries* v. *Little Sisters of the Poor,* 29 Ohio St. 201, 207 ; *Travelers' Ins. Co.* v. *Kent,* 151 Ind. 349 ; *Douglas County Society* v. *County,* 104 Wis. 429 ; *Laurent* v. *Muscatine,* 59 Ia. 404 ; *Armand* v. *Dumas,* 28 La. An. 403. This result makes it unnecessary to consider other arguments in support of the legality of the tax.

*Case discharged.*

All concurred.