JOHN J. GANNON, ESQ. General Counsel, Western Regional Off-Track Betting Corporation
This is in reply to your recent letter in which you request advice as to whether real property leased by the Western Regional Off-Track Betting Corporation is exempt from real property taxes by virtue of the provisions of McKinney's Unconsolidated Laws, section 8124, subdivision 1. You advise that the corporation leases a substantial number of offices located within office complexes, commercial buildings and also some free-standing structures of which it is the sole tenant. You further advise that the corporation does not hold title in its own name to any of said sites. We assume from your letter that the various real properties are held in private ownership for commercial profit and economic gain and would not otherwise be tax exempt.
Section 8124, subdivision 1 of McKinney's Unconsolidated Laws provides:
 1. The moneys and property of each corporation and any property under its jurisdiction, control or supervision, and all of its activities and operations shall be exempt from taxation. Provided, however, no exemption is granted from the taxes imposed under article six of this act.
It is the general policy of the State, expressed by mandate of statute, that all real property within the State is taxable unless specifically exempt by law (Real Property Tax Law, section300; Matter of Bd. of Education, Jamestown v. Baker, 241 App. Div. 574).
Statutes relating to real property exemptions are strictly construed (People v. Brooklyn Garden Apartments, 283 N.Y. 373). The Legislative intention to exempt real property must be expressed without unnecessary or ambiguous words. Such intention can never be presumed but must always be expressed in language so clear as to admit of no argument (People ex rel. Mizpah Lodge
v. Burke, 228 N.Y. 245). If there is any doubt as to the intent of the Legislature, it must be resolved in favor of the taxing power (County of Herkimer v. Village of Herkimer, 251 App. Div. 126).
The phrase "The moneys and property of each corporation" contained in the above-quoted statutory section would not be applicable, since the real property is not owned by the corporation (Matter of Bd. of Education, Jamestown v. Baker,supra).
The balance of the wording of the quoted section of the statute does not appear to be so express, clear and unequivocal as to leave no doubt as to the Legislative intention, so far as the same would apply to the exemption of the real property of the underlying landlord owners. If the Legislature had intended it to apply to leasehold interests, it would have expressly set forth such intention (e.g., Public Authorities Law, sections 1275 and1299-o).
Leases of office and other space by the State generally contain a standard tax escalation clause. A statute similar to that under consideration and applicable to the New York City Off-Track Betting Corporation was adopted in 1970 (Laws of 1970, Chapter 144 — see McKinney's Unconsolidated Laws, section 8098). Taxes paid by the private owners of its leased real property were included in rentals and being paid at the time the Legislature passed the law establishing Regional Off-Track Betting Corporations in 1973 (Laws of 1973, Chapter 346). The plan of operation of the New York City Off-Track Betting Corporation was then expressly approved by the Legislature (Laws of 1973, Chapter 346, § 4; now McKinney's Unconsolidated Laws, section 8065, subdivision 6).
Although Court decisions on similar situations depended upon the wording of the specific statutes upon which they reported, it became evident in early decisions that the New York State Courts would take a dim and strict view of situations where a private owner collecting substantial rentals and economic gain would be allowed real property tax exemptions by virtue of having a tax-exempt tenant upon the property. As stated in People ex rel.Rorke v. Assessors, 32 Hun 457, affd. 97 N.Y. 648, in denying an application for a real property tax exemption:
 "The exemption statute was designed to aid education. Under the construction claimed it would not do so. The board of education hire a building and pay the value of its use and occupation. The owner would get from the treasury by exemption the tax in addition to the value of the use of the premises."
 (Also see Black v. City of Brooklyn, 51 Hun 581; Hebrew Free School Ass'n v. Mayor etc., 99 N.Y. 488; Matter of United States v. Tax Comm., 22 A.D.2d 290.)
You did not submit the many leases to me for examination. It would be a most unusual lease which did not leave some vestige of control, inspection or responsibility in the landlord either during its term or at its termination. I believe, therefore, that the foregoing principles will answer your general question. I conclude that, in my opinion, the real property privately owned and leased to the Regional Off-Track Betting Corporation would not be exempt from real property taxation under the provisions of the above-quoted statute.