151  349
158  641

THE TRAVELERS' INSURANCE COMPANY *v.* KENT ET AL.

[No. 18,353.  Filed May 24, 1898.  Rehearing denied October 26, 1898.]

TAXATION.—*Exemption of Property Used for School Purposes.*—The lands of a private owner leased and occupied for school purposes are not exempt from taxation.

From the White Circuit Court.  *Affirmed.*

*McConnell & Jenkines, M. Winfield* and *Guthrie & Bushnell,* for appellant.

*Sellers & Uhl,* for appellees.

HOWARD, J.—The Brookston Academy was a private school corporation organized for the purpose of maintaining an institution of learning at Brookston, in White county, Indiana.  In April, 1866, the academy purchased the land here in controversy, being about five acres, situated in Prairie township, adjoining the town of Brookston.  A school building was erected upon the grounds so purchased, and a school was maintained by the corporation until the year 1871, when the building and grounds passed, on sheriff's sale, to one Cormican Hays, by deed dated February 7, 1871.  On December 13, 1871, Hays executed a mortgage on the land to appellant, to secure a loan of $8,000.  On October 8, 1874, a bond for a deed to the land was made by Hays to the trustee of Prairie township, the deed to be given on payment to Hays of the sum of $8,000, payable in eight years, in yearly installments of $1,000 each; and on the same day said trustee leased the land to the school trustees of the town of Brookston, for school purposes, for the term of ninety-nine years, the consideration being $4,000, payable in eight years, in yearly installments of $500 each.  On August 14, 1883, in the United States Circuit Court for the district of Indiana, the mortgage given to appellant by Hays was foreclosed;

and on September 14, 1883, the land was sold to appellant by the United States commissioner for $7,000. On October 22, 1884, the appellant received from the commissioner a deed for the land. On February 18, 1885, Hays and wife assumed the right, by written deed of assignment, to transfer to the appellant all their right, title, and interest in the title bond to, and contract with, the trustee of Prairie township, of date October 8, 1874. From 1866, when the Brookston Academy came into possession of the real estate in question, until 1885, after the appellant had become the owner, the property was not assessed for taxes, being considered as exempt by reason of its use for educational purposes. Beginning with 1885, however, the property was taxed to the appellant, as owner. On February 13, 1893, the taxes having remained unpaid, the land was sold to the appellee Kent, for delinquent taxes, by the auditor of White county; and on December 17, 1895, there having been no redemption from such sale, said real estate was duly conveyed by auditor's deed to said appellee. On January 15, 1896, the appellee Kent brought this action against appellant and others, to quiet his title to the property in controversy, or, in case his tax deed should be found insufficient to convey title, then to foreclose his lien for purchase money, together with taxes and other liens since paid. On March 9, 1896, appellant and other defendants were defaulted, and a decree entered in favor of the said appellee. On May 6, 1896, on application duly made, the default and decree as to appellant were set aside; and appellant filed its answer and cross-complaint, alleging that the taxes assessed upon the land were illegal, and asking to have them canceled, and for all other proper relief. On February 16, 1897, the court found again for the appellee, and on March 5, 1897, over a

motion for a new trial, entered judgment foreclosing the lien, and ordering the property sold.

The sole question for decision is whether lands owned by one person, and used by another for school purposes, are subject to taxation. It would seem that there could not be any doubt that such lands are taxable, as against the owner. If the Brookston Academy, or Prairie school township, or the school town of Brookston, were here, as owner of the lands in controversy, there would be no question that, as to such school corporations, the property would not be taxable. But the Travelers' Insurance Company is not engaged in conducting a school; and, if its property should be held to be exempt from taxation because it is suffered to be used for school purposes, then it would follow that any person who rents a hall, a store building or a part of his house for the use of a school would thus be able to claim such hall, store building, or part of his dwelling free from taxes, at least during the time he was so receiving rent for the property.

The able and learned counsel for appellant base their ingenious argument wholly upon the words "used and set apart," as employed in the statute concerning exemptions from taxation. Article 10, section 1, of the constitution declares that "The General Assembly shall provide, by law, for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only, for municipal, educational, literary, scientific, religious or charitable purposes, as may be especially exempted by law." The exemption authorized by law, under this provision of the constitution, so far as relates to the claim made by appellant, and in force when the taxes in question

were levied, is found in clause 5, section 6276, R. S. 1881 (Acts 1881, p. 611), and is as follows: "Every building used and set apart for educational, * * * purposes by any institution, or by any individual or individuals, association or corporation, or used for the same purpose by any town, township, city, or county, and the tract of land on which such building is situated, not exceeding forty acres."

If we should take the words "used and set apart" in their literal sense, and without considering their real meaning as shown by the context, as well as from the well-known purpose had in view by those who framed the organic law, we might perhaps find some plausibility in appellant's contention. But even the literal meaning of the words would not lend great force to the argument advanced. We do not think the record shows that appellant has "set apart" the property in question for educational purposes. If such were in reality appellant's intention, the object could readily be accomplished by conveying the land to Brookston school town, Prairie school township, or to some private educational institution, to be used forever for school purposes. On the contrary, appellant loaned $8,000, secured by mortgage on the property; and, when the debt was due and unpaid, foreclosed its mortgage, and took the land for its debt, as it would do in regard to money loaned on mortgage security in the case of any other property owner.

The plain intent of the constitutional and statutory provisions cited was to encourage those who should devote themselves and their property to the educational and other purposes mentioned. Education, literature, science, religion, charity and benevolence are all promoters of the welfare of society. Through such agencies the standard of good citizenship is elevated, and, consequently, the expenses of

government diminished. The very objects for which taxes are, in large part, assessed are to carry on the educational and benevolent institutions of the State; and, hence, there is great propriety in avoiding, as the constitution does, the imposition of any taxation upon those agencies which are themselves employed in the very work to which the State applies so large a part of its revenues. None of these reasons, however, will apply in favor of a property owner who simply rents or leases his property, to be used for one of the purposes mentioned in the constitution. He holds such property for his own use and benefit—for his individual profit—and not for the public good. Accordingly it has been held that although the property of a benevolent institution, used for its own benevolent purposes, is exempt from taxation, yet property owned by such institution, and rented or leased for gain, is subject to taxation. Such was the case in *City of Indianapolis* v. *Grand Master, etc.,* 25 Ind. 518, where it was held that the use of a building by lessees for concerts or for mercantile purposes is not a use by a charitable institution, within the meaning of the statute, even though the rents derived therefrom are devoted to charitable uses. And in *Trustees, etc.,* v. *Ellis,* 38 Ind. 3, also cited by appellant, it was held that property owned by a church, but devoted to a purpose not then regarded by the legislature as a religious use, was not exempt from taxation. It is the use of its property for the purposes named in the constitution that entitles an educational, religious or charitable institution to exemption from taxation; but an owner who has not set apart his property for such use cannot get the benefit of such exemption, merely because he rents or suffers the property to be used for such purpose. That would be an exemption

for private gain, and a perversion of the enlightened purposes had in view by the framers of the constitution. "Statutes," as said in Potter's Dwarris, p. 144, "must be interpreted according to the intent and meaning, and not always according to the letter."

Other authorities are to the same effect. In 25 Am. & Eng. Ency. of Law, 165, it is said: "The mere use or occupancy for school or educational purposes of the property of a private owner, sustaining merely the relation of lessor to a school or seminary, does not create an exemption in his favor," citing *People* v. *Board, etc.*, 32 Hun 457, 97 N. Y. 648; *Hennepin County* v. *Bell*, 43 Minn. 344, 45 N. W. 615; *Montgomery* v. *Wyman*, 130 Ill. 17, 22 N. E. 845; *Armand* v. *Dumas*, 28 La. Ann. 403; *Nazareth, etc., Institute* v. *Commonwealth*, 14 B. Mon. (Ky.) 266. In *Laurent* v. *City of Muscatine*, 59 Iowa, 404, 13 N. W. 409, the property in question was owned by a private person, but used by a church and school; and it was held that there was no exemption. The court said it would be different if the title to the property were in the school or in the church, and might also be different if it were shown that the owner held the naked legal title in trust for the church or school.

In the case at bar it is idle to talk of any school interests in the property. The title of the Brookston Academy was taken on foreclosure and passed in full to Cormican Hays with the sheriff's deed received by him. No one but Hays had any right or interest in the land at the time he made his mortgage to appellant; and when that mortgage was foreclosed in the United States Court all of Hays' right, title, and interest passed to appellant with the United States commissioner's deed. The bond for a deed given by Hays after he had mortgaged the property to appellant could give nothing more than Hays then had,

which was an interest subject to such mortgage. And even if any such interest could remain after the foreclosure of appellant's mortgage it passed to appellant by the assignment of Hays' interest in the contract and bond. The interest left in Prairie township or in the town of Brookston could be only of the most shadowy nature. It was never more than a right to purchase, and was lost years ago by laches and by failure to comply with the conditions of the contract. But even if such shadowy interest should ever develop into anything substantial, it could be only something subject to the fee simple title of appellant.

The case of *City of Indianapolis* v. *Sturdevant*, 24 Ind. 391, is not in conflict with anything said in the case at bar. In that case, a private individual had established and conducted a literary institution of a permanent character, and it was held that the property so owned and conducted by him was not taxable. It was much as if, in the case before us, Cormican Hays, on coming into possession of the property here in controversy, had continued it as an academy of learning. He would then have taken the place of the corporation that had established and theretofore conducted the school, and, under the decision cited, might have claimed for his school exemption from taxation. But, as already said, the Travelers' Insurance Company is not pretending to carry on an institution of learning. Judgment affirmed.

## ON PETITION FOR REHEARING.

HOWARD, J.—The zealous and accomplished counsel for appellant argue earnestly to show that the court has misapprehended the position taken by them on the original hearing. But a reading of the brief now filed does not disclose any question not already fully considered by the court. No tax was assessed

on the land in controversy until 1885, when the appellant had become the full and absolute owner of the property. Neither Prairie township nor the town of Brookston had a shadow of title as against appellant's deed. If appellant chose to allow a school to be conducted on its premises, that was a matter over which it had supreme control. Had appellant not been able to make any use whatever of the property, that could not have affected the right of the State to impose taxes upon it, in common with all other property of the State. The court is unable to agree with the position taken by the learned counsel, either in this motion or in the original case. Petition overruled.