Doren *v.* Lupton.

---

## DOREN ET AL. *v.* LUPTON.

[No. 18,745. Filed March 29, 1900.]

QUIETING TITLE.—*Tax Title.*—Title acquired by a tax deed is not destroyed by the grantee accepting a deed to the property from one claiming a life interest therein. *pp. 397, 398.*

SAME.—*Claim For Improvements.*—In the trial of an action to quiet title to real estate, evidence as to the value of the land and improvements made by defendant was properly excluded where no claim for improvements was made by the pleadings. *p. 399.*

SAME.—*Evidence.*—*Taxes.*—Evidence that the rental value of the real estate exceeded the taxes assessed against it was improperly admitted in the trial of an action to quiet title to real estate, where defendant held title under a tax deed and a deed from one claiming a life interest in the real estate, and had not filed an affirmative pleading under the occupying claimant's act to recover for the improvements and taxes. *pp. 399, 400.*

From the Jay Circuit Court. *Reversed.*

*F. H. Snyder* and *G. W. Bergman,* for appellants.
*J. J. M. LaFollette,* for appellee.

BAKER, J.—Complaint by appellee in two paragraphs to quiet title. Answer in general denial. Trial by the court and judgment for appellee. Motion for a new trial overruled. The error assigned is that the court erred in overruling the motion for a new trial.

The first paragraph is the ordinary complaint to quiet title. In the second paragraph the plaintiff pleads a specific title, showing that the land in controversy had been conveyed on September 25, 1882, by William H. Rush, the then owner, to Levi and Margaret Hubbard for life with remainder to William H. Hubbard; that William H. Hubbard conveyed the land to plaintiff in October, 1892; that after the death of Margaret Hubbard, Levi Hubbard had conveyed his life-estate in the land to the appellant Emory E. Doren, who took possession and still occupies the land and refuses appellee his rights therein; that Doren had wrongfully bought the land at tax sale and had received a deed therefor, and that the tax sale and deed were illegal and void; that Levi Hubbard is now dead; that appellant Emma Doren is the wife of Emory Doren and is made a party defendant on that account.

The first reason assigned for a new trial and argued by counsel is that the decision of the court is contrary to law. The only evidence introduced by appellee in opening his case was the deed from Rush to the Hubbards; the deed from William H. Hubbard to appellee; that Levi and Margaret Hubbard were dead; and that appellants were in possession claiming some title. On the defense appellants introduced in evidence a tax-title deed from the auditor of Jay county to appellant Emory E. Doren, dated February 24, 1890, which is regular on its face and purports to convey the fee-simple title to the land in controversy to Doren. On rebuttal appellee introduced in evidence the deed of Levi Hub-

bard to Emory E. Doren, dated May 24, 1890, and also proved the rental value of the real estate. Appellee contends that by the tax sale and deed Doren acquired simply a lien and that when he afterwards became the owner of the life-estate and took possession of the land, receiving the benefits therefrom, he was in duty bound to pay the lien and it became merged in the life-estate. Though this might be true on the assumption that the tax sale and deed gave the purchaser a mere lien, appellee did not prove or attempt to prove that the sale was irregular, or that the deed was invalid and did not convey title; that there had not been a demand on the life tenant for the taxes; that the life tenant had personal property out of which the taxes could have been collected; that there had been no demand on the owner of the fee, or, that the owner of the fee had sufficient personal property in the county to pay the tax; or that the statute had not been strictly complied with in making the sale. At the time of the sale and when the tax deed was executed Doren had the legal right to purchase the title. He was not then the owner of the life-estate and had no interest in the land. Appellants had introduced the tax-title deed in evidence as a defense. The tax law of 1881 (§6480 R. S. 1881), in force at the time of the sale and the making of the deed, and the law of 1891 (§8624 Burns 1894, §6473 Horner 1897), in force when the trial was had, provided that "Such deed shall be *prima. facie* evidence of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings, and *prima facie* evidence of a good and valid title in fee-simple in the grantee of said deed". *Richard* v. *Carrie,* 145 Ind. 49. The fee, evidenced by the tax deed of February, 1890, was not lost or destroyed by securing possession from an occupant who claimed a life-tenancy. Since the deed of February, 1890, was *prima facie* a complete defense to appellee's action, and since the deed of May, 1890, was not sufficient to rebut the *prima facie* defense, the decision of the court in finding that

appellee was entitled to have his title quieted was contrary to law.

It is also contended by appellants that the court erred in excluding evidence offered as to the value of the land and of the improvements made by appellants while in possession. The right to recover for the value of improvements is purely statutory, and appellants could exercise that right only by conforming to the occupying claimant law. *Chesround* v. *Cunningham*, 3 Blackf. 82; *Westerfield* v. *Williams*, 59 Ind. 221. The statute (§1074 R. S. 1881 and Horner 1897, §1087 Burns 1894) provides that "When an occupant of land has color of title thereto, and in good faith has made valuable improvements thereon, and is afterward, in the proper action, found not to be the rightful owner thereof, no execution shall issue to put the plaintiff in possession of the property after filing the complaint hereinafter mentioned, until the provisions of this act are complied with". The following section reads: "The complaint must set forth the grounds on which the defendant seeks relief, stating, among other things, as accurately as practicable, the value of the improvements on the lands as well as the value of the lands aside from the improvements." To recover, the claimant need not act until he is "found not to be the rightful owner"; but he may file his complaint or cross-complaint in the main action, under §1085 R. S. 1881 and Horner 1897, §1098 Burns 1894, setting forth the sale and title under it, the particular kind and character of improvements, etc., as contemplated in the act. *Goodell* v. *Starr*, 127 Ind. 198. As appellants had not filed a claim for improvements, there was no issue under which the offered evidence was competent.

Appellants also urge that the court erred in permitting appellee to prove, in rebuttal, the rental value of the real estate. Though this evidence might have been competent, on the assumption that Doren acquired only a lien by the tax-title deed and not a title in fee, to show that the rental

value exceeded the taxes and assessments and that therefore it was the duty of the owner of the life-estate to pay them and protect the interest of the remainder man (*Clark* v. *Middlesworth*, 82 Ind. 240), yet, since no evidence was introduced to show that the tax-title deed created only a lien, and appellants had not filed an affirmative pleading under the occupying claimants' act to recover for the improvements and taxes, and were not asking to recover the taxes that had been paid as occupants or tenants under §8596 Burns 1894, §6445 Horner 1897, the evidence was incompetent and should not have been admitted.

Judgment reversed with directions to grant a new trial.