SPOHN *v.* STARK, TREASURER ET AL.

[No. 24,439. Filed February 23, 1926.]

1. CONSTITUTIONAL LAW.—*Statute must be so construed, if possible, that it will not conflict with Constitution.*—A statute must be so construed, if possible, that it will not conflict with the Constitution. p. 301.

2. TAXATION.—*Property that is rented to another is not exempt from taxation merely because lessee uses it for purpose that would make it exempt.*—Property that is rented to another for a stipulated rental is not exempt from taxation merely because the lessee devotes it to a purpose which the Constitution exempts when the owner so uses it. p. 301.

3. TAXATION.—*Property rented to Indiana National Guard for armory purposes is not exempt from taxation.*—Property that is rented to the Indiana National Guard for armory purposes and is used for such purposes is not exempt from taxation, notwithstanding cl. 24, §14037 Burns 1926, Acts 1923 p. 558. p. 303.

From Elkhart Circuit Court; *James Story Drake,* Judge.

Suit by Samuel F. Spohn against Roy M. Stark as county treasurer of Elkhart county and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Howard R. Inebrit,* for appellant.

*U. S. Lesh,* Attorney-General and *Connor D. Ross,* Deputy Attorney-General, for appellees.

EWBANK, C. J.—Appellant, as plaintiff, brought this action against the auditor and treasurer of Elkhart county, to enjoin the auditor from placing on the tax duplicate and the treasurer from collecting taxes upon a certain lot and building which plaintiff had leased to the State of Indiana as an armory for a company of the Indiana National Guard, and which was being used by such company of the guard exclusively for the purpose of an armory. A demurrer to the amended complaint was sustained, and the plaintiff excepted, and has assigned that ruling as error.

The amended complaint alleged, in substance, that plaintiff owned the lot and the building thereon; that the lot and improvements together were valued for purposes of taxation at $5,700, and that taxes for the current year had been assessed against such property and placed on the tax duplicate by the auditor in the sum of $152.76, which the county treasurer threatened to collect; that plaintiff had demanded of the auditor that he drop said tax from the duplicate; that plaintiff had leased the said premises to the State of Indiana for the term of five years as an armory for a company of the Indiana National Guard, by a written agreement, of which a copy was made part of the complaint, which bound the lessor to instal a heating plant and apparatus sufficient properly to heat all of the building, and two shower baths and forty-five closet "property shelves," and to redecorate the interior, and bound the lessee to pay $1,800 per year as rent, with a condition that the leased premises were to be used as an armory for a company of the Indiana National Guard and for no other purpose. And it averred that pursuant to the stipulations of the lease, the property was being used

exclusively as an armory by the said company of the Indiana National Guard, in a manner stated, and not otherwise, by reason of which facts, it was alleged to be exempt from taxation so long as it was so used.

The Constitution of the State of Indiana provides as follows: "The General Assembly shall provide, by law, for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only, for municipal, educational, literary, scientific, religious, or charitable purposes, as may especially be exempted by law." Art. 10, §1, Constitution, §200 Burns 1926. And the statute provides that "The following property shall be exempt from taxation: 1st. The property of the United States and of this State * * * 24th. That all real estate and personal property used exclusively by the Indiana National Guard or any other military organization of the state for armory purposes, shall be exempt from taxation so long as the same is being used for such purposes. * * *" §14037 Burns 1926, §10139f Burns' Supp. 1921, §5, Acts 1921 pp. 646, 651.

Appellant insists that the language of this statute embraces his property, and that such property is not taxable as against him so long as it is "used exclusively" as an armory by a company of the Indiana National Guard, notwithstanding he is receiving payment of rent for such use. And, in support of this contention, he points to decisions of the Supreme Court of Indiana holding that individual owners of property which they were using exclusively in the operation of private schools thereon were not liable for taxes on the property while it was so used, even though the owners received tuition from the pupils attending such schools, or from others on their behalf, if the property was permanently devoted to school pur-

poses. *City of Indianapolis* v. *Sturdevant* (1865), 24
Ind. 391; *Vink* v. *Work* (1902), 158 Ind. 638, 64 N.
E. 83. But, in the instant case, plaintiff has leased his
property for only five years and is devoting his inter-
est therein primarily to earning rent, and it seems that
he has stipulated for and is receiving rent in excess of
thirty per cent. per annum of the taxable value of the
property. And it is not complained that anybody is
attempting or threatening to collect taxes on the lease-
hold interest, which is devoted exclusively to the use
of the Indiana National Guard. It is the duty of the
court in giving a construction to this statute so to con-
strue it, if possible, that it will not be invalid by reason
of conflicting with the Constitution. And we are con-
vinced that a construction by which the lessor's interest
in property for the use of which he receives rent might
be held exempt from taxation merely because of a use
to which the property was put by the lessee, and not
by himself, would violate the terms of the Constitution
as above set out. A just valuation for taxation of all
property, except such only, for municipal, educational,
literary, scientific, religious, or charitable purposes, as
may especially be exempted by law, does not permit the
exemption from taxation of an interest in property
which is used for rental purposes, and thereby is made
to produce an income from the rents received, merely
because the lessee may devote the leasehold to a mu-
nicipal, educational, literary, scientific, religious, or
charitable purpose; and the general assembly would
have no authority to exempt the lessor from payment
of taxes on property so used, even though it should
undertake to do so. "It is the use of its property for
the purposes named in the Constitution that entitles an
educational, religious or charitable institution to ex-
emption from taxation; but an owner who has not set
apart his property for such use cannot get the benefit

of such exemption, merely because he rents or suffers the property to be used for such purpose. That would be an exemption for private gain, and a perversion of the enlightened purposes had in view by the framers of the Constitution." *Travelers Ins. Co.* v. *Kent* (1898), 151 Ind. 349, 353, 354, 50 N. E. 562; *Oak Hill Cemetery Co.* v. *Wells* (1906), 38 Ind. App. 479, 482; *City of Indianapolis* v. *Grand Master, etc.* (1865), 25 Ind. 518, 521; *Orr* v. *Baker* (1853), 4 Ind. 86, 88.

It appears that, so far as plaintiff and his interest in the property as lessor are concerned, the only use which he has made of the property is for rental purposes to earn an income for his private advantage. And we do not think that the property, to the extent of his interest therein, "is used exclusively" for armory purposes by the Indiana National Guard, within the meaning of the statute, interpreted as it must be in view of the constitutional limitation on the power of the legislature to exempt property from taxation. Since plaintiff has not brought himself within the language of the statute, we do not find it necessary to consider the questions whether using property as an armory for a military organization constitutes a municipal or educational purpose, or other purpose for which the Constitution permits property to be exempted from taxation, nor whether property, the gratuitous use of which the owner permits for a purpose of that kind, will be exempt, and, as to those matters, we express no opinion.

No error was committed in sustaining the demurrer to the complaint.

The judgment is affirmed.