## MEHNE, TREASURER, *v.* DILLON.

[No. 25374. Filed April 5, 1929. Rehearing denied December 31, 1930. Motion to reconsider ruling denying petition for rehearing denied March 18, 1932.]

*Leo H. Fisher, William C. Harrison, Owen S. Boling, William A. Hough* and *Willis C. Nusbaum,* for appellant.

*John E. McFall, Bomar Traylor, John L. Sumner, William L. Taylor* and *Jackson Carter,* for appellee.

MYERS, J.—This was a suit by appellee to enjoin appellant as treasurer of Dubois County from the collection of certain taxes alleged to have been wrongfully assessed against him. A demurrer to the second amended complaint was overruled, and this ruling is assigned as error.

No good purpose will be subserved by including in this opinion even the substance of the complaint covering nine printed pages of appellant's brief. It is sufficient to say that it appears from the complaint, that by the will of Margaret E. Sherritt, appellee, on March 1, 1923, was the life tenant and in possession, and the Synod of the Cumberland Presbyterian Church in Indiana, since June ———, 1922, and not before, was the owner of the fee of the same undivided one-half of certain real estate—agricultural land—in Dubois County. In June, 1923, the board of review of Dubois County assessed appellee's interest as life tenant in the undivided one-half for the year 1923 at $4,000, and no appeal or certification from this assessment was taken or had by any person or officer to the State Board of Tax Commissioners, or to any other tribunal for review, change or modification. On December 8, 1923, the state board, on its own motion, arbitrarily ordered and directed the taxing officers of Dubois County to increase, change and modify the assessment so made for the year 1923, from $4,000 to $15,580, regardless of the two characters of ownership, and agreeable with the assessed value of the other undivided one-half. Pursuant to the order of the state board, and not otherwise,

the auditor of Dubois County changed the assessment made by the board of review to that ordered by the state board and certified the same to the treasurer of Dubois County, who is seeking to enforce collection of the taxes on the assessment so certified to him.

Appellant insists that the interest of the remainder-man is taxable to the life tenant, and one of the reasons given for this insistence is that the fifth clause of the Margaret E. Sherritt will is not sufficiently explicit to create a trust. The synod of the church is not a party to this suit, so that whatever we may say, or whatever conclusion we may reach in the settlement of this controversy must not be taken to, in any manner, affect the legal status, rights or obligations of the synod in, or, to the land involved by the question for decision. At this time, we are concerned only with the alleged illegality of the increased assessment for taxation ordered by the state board against appellee.

The claim that the fee-simple interest in the land alleged to be exempt from taxation and illegally assessed to appellee rests upon certain conditions and limitations accepted by the church and imposed by the will of Margaret E. Sherritt, to the effect that, so far as possible, the farm is to be used for horticultural purposes and for the propagation of roses, new and improved seeds; preservation, so far as possible, of a certain walnut grove and the forests in their natural state; care of testator's grave and the graves of her deceased husband and son, and, by item "Fifth: That the net proceeds of the products of said farm not needed in the conduct of said farm, shall be used by the church and said trustees for the education of young and dependent persons seeking an education for the ministry, the selection of whom shall be left to the sound discretion of said church and its trustees; and for the support of missions and the relief of distressed worthy poor, but not for persons

whose poverty is brought about by the use of intoxicating liquor."

The deed conveying to the church the fee to the undivided one-half of approximately 377 acres, subject to appellee's life estate, contains the provisions of the will as to the use and application of the "net proceeds" from the farm. As we are at present advised, the net profits to the remainderman from its operation of the farm are dedicated by Item 5 to charitable uses, unaffected by any expense on account of the walnut grove or the forests, or the care of the graves. Item 5 is not, therefore, vague and uncertain as asserted by appellant.

Returning to the debated question, the Constitution of this state, Art. 10, §1, requires the General Assembly to "prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only, for municipal, educational, literary, scientific, religious or charitable purposes, as may be especially exempted by law." Hence, any property within any of the classifications mentioned in the Constitution, the Legislature may exempt from taxation. In that regard, the Legislature has acted. It has said (§14037 Burns 1926, Acts 1923 p. 558) that: "The following property shall be exempt from taxation. . . . Fourteenth. Any money or property given by will, or otherwise, to any executor or other trustee to be by him used and applied for the use and benefit of any municipal, educational, literary, scientific, religious or charitable purpose within the State of Indiana: Provided, Such executor or trustee shall diligently and in good faith carry out the provisions of the will or other trust arrangement, and use and apply such money or property to the purpose for which the same is donated."

Section 14038 Burns 1926, Acts 1919 p. 198, §6, provides that where all or any part, parcel or portion of any tract or lot of land enumerated in the preceding

section as exempt from taxation "shall be used or occupied for any other purpose or purposes than those recited in said section by reason whereof they are exempted from taxation, such property, part, parcel or portion shall be subject to taxation so long as the same shall not be set apart or used exclusively for some one of the purposes specified in said enumeration." But (§14072 Burns 1926, Acts 1919 p. 198, §33), provides: "When real estate which is exempt from taxation is leased to another whose property is not exempt, and the leasing of which does not make the real estate taxable, the *leasehold estate,* and the appurtenances shall be listed as the property of the *lessee* thereof, or his assignee, as real estate." (Our italics.)

Township assessors are the initial officers for the listing and valuing for taxation of all property, §§14187, 14188 Burns 1926, Acts 1919 p. 198, §§148, 149. In the year 1923, there was no state-wide or general assessment of real estate, but, by §152 of the 1919 act, such assessor was required to "assess any real estate or improvement, found omitted and also note and list all changes found in improvements on real estate, and make return thereof to the county auditor as in the year in which real estate is to be assessed." Such assessor, by §14194 Burns 1926, Acts 1919 p. 198, §156, is also authorized, prior to filing his return with the county auditor, to list any real estate omitted in any previous year or which, by reason of a defective description, has not been taxed. He shall list the same and file with the "auditor a statement in writing of his reasons for making such correction or assessment, and the facts or evidence upon which such reasons were based." Moreover, by §14076 Burns 1926, §37 of the 1919 enactment: "Whenever a division or partition has been made, *or other changes take place in the ownership* of any tract or lot of land, or any part thereof, *by conveyance,* sale,

*devise* or descent, the county auditor, on being satisfied thereof, shall transfer the same on the last appraisement list, and *apportion the same* and the valuation thereof, with all delinquent taxes, to the *several owners."* (Our italics.)

In the instant case, the property in question is real estate, owner of the fee known, and occupied by a known life tenant. The statute makes it imperative that "real property shall be assessed in the place where situated, and to the owner, if known." §§14060, 14079 Burns 1926, Acts 1919 p. 198, §§20, 39. Our law for the assessment of property for taxation provides for an annual county board for the review of assessments and equalization of valuation of real and personal property in each county, made subsequent to the preceding first day of March. It is required to meet on the first Monday in June annually. Among its other duties, it shall "correct the assessment of valuation of any property in such manner as will, in its judgment, make the valuation thereof just and equal." At this meeting, it is made the duty of the county auditor to submit to such board of review the "assessment list of the county as returned by the township assessors and added to and returned by the county assessor for the current year, and the board shall proceed to examine and review the same." §14204 Burns 1926, Acts 1919 p. 198, §164, as amended, Acts 1920 p. 101, §1.

It will be noticed from the foregoing sections of our tax law that the township assessors, county assessors and county auditors are made the active agents in listing and in valuing all classes of property in advance of the meeting of the county board of review, and upon the latter rests the duty of correcting and reviewing the work of the other local officers and of making a just and equal valuation of the property so as aforesaid listed and valued.

The complaint alleges that, on March 1, 1923, appellee was the owner of the fee of an undivided one-half interest, and a life estate only in the other one-half interest; that each undivided one-half was separately assessed to appellee by the township assessor at $15,580; that the board of review, at its June 1923 session reduced the assessment on the life interest to $4,000, which was its true cash value on March 1, 1923.

If it be conceded that the farm mentioned was assessed, and the valuation equalized, in 1922, and no assessment thereof was made in 1923, as contemplated by §14191 Burns 1926, such facts would not meet the allegation of the complaint or rebut the presumption of correct action on the part of the respective officers in making the assessment in question. It appears as a fact that, by means of a deed executed in June, 1922, a change in the ownership of the farm was had, and consequently, on March 1, 1923, the records exhibited a different ownership than that shown on the preceding listing. Under such circumstances, it was the duty of the auditor, imposed by statute (§14076, *supra*), to make the correction, apportion the interests and value thereof to the several owners, or in case the farm had not been previously listed or was incorrectly described so that it in part escaped taxation, it would be the province of the township assessor, county assessor or county auditor to correct the assessment list in keeping with the facts. In any one of the cases we have pointed out, such action should be, as it was, submitted to the county board of review either by the auditor or the county assessor for its determination. But, it is said that the only authority of an assessor in the valuation of real estate for taxation is contained in §14181 Burns 1926, Acts 1919 p. 198, §142, which makes no provision for the separate valuation of an undivided interest in such property. This section merely instructs the assessor as

to the various elements to be considered by him in arriving at the true cash value exclusive of mineral rights owned separately from that of the land. It in no wise relieves the assessor from the duty of assessing, as in this case, the land to the owner known to him. The assessor, at least constructively, knew that the fee of the land in question was in the synod of the church and that appellee had a possessory right thereto which, in law, is regarded as an interest in the same land, both taxable rights.

The complaint shows that, prior to the bringing of this suit, appellee tendered to the treasurer of Dubois County money sufficient to pay all of the taxes due on the undivided one-half of which he is the owner in fee, and the taxes assessed against him as determined by the county board of review as the fair cash value of his interest in the other undivided one-half. The remainderman, it appears, had not and was not, on March 1, 1923, using the land or the net proceeds therefrom for any purpose inconsistent with the use to which it or its income had been dedicated by the stipulations in the deed conveying the fee. The statute, §14076, *supra,* uses the word "ownership" in the sense of lawful claim or title, and hence, clearly under the facts before us, that part of the land claimed by appellant to be taxable had two separate ownerships—life tenancy and a fee in remainder.

As we see this case, it is the fee-ownership taxes alone that are in dispute. This entire land, it is true, would be subject to taxation regardless of the character of its ownership were it not for the fact that the remainder in fee is exempt. The fair cash value of the life-tenant's interest and that of the remainderman may be separately determined as accurately as if owned entirely by a single individual. If one interest

is taxable and the other is not, the public revenue is receiving all that may be properly demanded on that account from this land. But appellant insists that it is the duty of the life tenant to pay the taxes assessed regardless of the different characters of ownership, citing *Clark* v. *Middlesworth* (1882), 82 Ind. 240; *Doren* v. *Gillum* (1894), 136 Ind. 134, 35 N. E. 1101; *Doren* v. *Lupton* (1900), 154 Ind. 396, 56 N. E. 849, and other Indiana cases. These cases support the general rule that "A tenant for life owes it to the remainderman to keep down the taxes," (*Clark* v. *Middlesworth, supra,* p. 249), but not one of them holds that a life tenant, merely from that fact alone, is charged with the duty of paying taxes on exempted property. His obligation to pay taxes is to the remainderman and to no one else or entity. Nor is this case ruled by the principle announced in *Travelers Ins. Co.* v. *Kent* (1898), 151 Ind. 349, 50 N. E. 562, 51 N. E. 723; *Spohn* v. *Stark, Treas.* (1926), 197 Ind. 299, 150 N. E. 787; and *Barr, Trustee,* v. *Geary, Auditor* (1924), 82 Ind. App. 5, 142 N. E. 622, for, in these cases, the facts and circumstances are reversed from those of the instant case. Here the fee owner is exempt and the interest of the life tenant taxable, while, in the cases just referred to, the interest of the fee owner was taxable and the property of the lessees, whatever it might be, was not taxable.

From a careful study of §§14037, 14038, 14072, 14060 and 14079, *supra,* when read in connection with the other sections of the statute covering the question of assessment and taxation of property, we conclude that it is not the use or occupancy alone of land that determines whether or not it is taxable, but, in connection therewith, the further element of the application by the owner of the proceeds arising therefrom must be considered. *Spohn* v. *Stark, Treas., supra; Travelers Ins. Co.* v. *Kent, supra.*

In view of the foregoing observations, the allegation of the complaint challenging the jurisdiction of the State Board of Tax Commissioners to make the order upon which the county auditor acted to increase, change and modify the assessment made by the county board of review becomes unimportant.

The demurrer to the complaint for want of facts was properly overruled.

The death of appellee since the submission of this cause has been suggested. Therefore, the judgment will be affirmed as of the date of submission.