NATIONAL INVESTMENT COMPANY, Appellant, v. ROLAND HARRISON et al., Appellees.

No. 46985.

MARCH 11, 1947.

Lappen & Carlson, of Des Moines, for appellant.

Herrick, Sloan & Langdon, of Des Moines, for appellees.

MULRONEY, J.—The Plaza Hotel and the Chamberlain Hotel, both in the city of Des Moines, were included in the same condemnation action by the United States Government. In Boss v. Polk County, 236 Iowa 384, 19 N. W. 2d 225, we had before us the question of whether the Chamberlain Hotel, taken by the United States Government for use during the war emergency of World War II, was exempt from taxation during the period it was used by the Federal Government. We held it was not. Now the owner of the Plaza Hotel seeks an exemption from taxation for the period the Plaza Hotel was used by the Federal Government—during which period it was used to house members of the Women's Army Corps, one of the branches of the military services of the United States. The Des Moines Board of Review and the Polk District Court sustained the assessment. Upon this appeal the Plaza Hotel owner argues the property should be exempt from taxes for 1943 and 1944, the period of the Federal Government's occupancy, because (1) ownership and title vested in the United States at the moment of seizure under eminent domain (2) the realty was immune from taxation while held by the United States and (3) the realty was exempt from taxation as realty used for an armory and military purposes under section 29.50, Code, 1946.

■ I. The answer to the first proposition is that, under the condemnation, title did not vest in the United States at the time of seizure. The condemnation proceedings, as shown by the files in the District Court of the United States for the Southern District of Iowa, Central Division, were under 50 U. S. C. 1141, section 632, providing that:

"The Secretary of War * * * may cause proceedings to be instituted in any court having jurisdiction of such proceedings, to acquire by condemnation, any real property, *temporary use thereof*, or other interest therein * * *." (Italics supplied.)

The files show that it was the temporary use of the property that the Federal Government sought to obtain and the decree was in favor of the government for "the full right and interest to the temporary use for a term of years ending June 30, 1945 * * * said term to be cancellable at the election of the United States of America on June 30, 1943 or June 30, 1944 * * * by 60 days notice * * *." The files disclose that the parties were unable to agree on the amount of compensation for the temporary use but the petitioner deposited $23,235 for the use of the building from August 15, 1942, to June 30, 1943, and $26,500 for the period from July 1, 1943, to June 30, 1944. All but $500 of the first deposit and all but $2,000 of the second deposit was turned over to the hotel owner. On February 14, 1944, the Federal District Court awarded the hotel owner an additional final sum of $13,750, plus the $2,500 remaining on deposit in court, and the hotel owner receipted for this final payment as being "in full, complete and final satisfaction and payment of just compensation for the taking of the use of the Plaza Hotel." The United States surrendered possession of the hotel to the owner on February 14, 1944.

The only difference between this case and the Boss case is that in the latter case the parties were able to agree on the amount of compensation to be paid and it became the subject of a stipulation and a judgment confirming same, while here the owner did not agree but did accept the awards of portions of deposits and the final award as compensation for the "taking of the use" of the hotel.

The proceedings clearly show the Federal Government acquired the temporary use of the hotel, or a leasehold interest, and the payments were in the nature of rent for such use. The title was at all times in the National Investment Company.

■ II. Plaintiff's argument that the property is immune from taxation while held by the United States is not clear. It seems to be based on the inherent power of the United States Government to condemn realty and the inability of a state to tax "property of the United States." It is answered by pointing out the special condemnation here did not condemn the realty but only the temporary use of the realty, and the "property of the United States" was not taxed. The argument is foreclosed by our holding in Boss v. Polk County, supra.

■ III. Plaintiff argues the property was exempt as realty used for an armory and military purposes, under section 29.50, Code, 1946. This section provides:

"All personal and real property held and used for armory or military purposes shall be exempt from taxation * * *."

But this section is a part of the Military Code of Iowa. This entire Military Code deals with the organization, equipment, training, etc., of the state militia and national guard of Iowa. The armory use, referred to in the statute, means the use by the state militia or national guard. The military purpose use, referred to in the statute, is shown to mean the same. The Military Code of Iowa has been amended many times since a state militia was first authorized in 1864 by the Tenth General Assembly of Iowa. A tax-exemption statute first appears in 1909, when the Thirty-third General Assembly enacted a new Military Code of Iowa. This Code contained, in section 41, chapter 131, a law providing it should be "lawful for the boards of supervisors of the several counties and for the city councils of the several cities and towns of the state to exempt from taxation, all personal and real property, held and used for armory or military purposes * * *." The Forty-fifth Extra Session of the General Assembly in 1934 adopted a new Military Code and by section 49, chapter 10, granted the outright exemption provided for in the present Code section. From a study

of the entire Military Code, of which section 29.50 is merely a part, and from a study of the history of this legislation, we are convinced the section is applicable only to the state military forces. Because of this conclusion, there is no need to consider whether the argument that the word "held" in the statute means "owned." Other provisions of the Military Code refer to "state-owned armories" and provide for the renting of armories. See section 29.49; and for a case holding the owner of a building rented for use as an armory would not be entitled to an exemption under a similar statute, see Spohn v. Stark, 197 Ind. 299, 150 N. E. 787.

The decision of the trial court is affirmed.—Affirmed.

All JUSTICES concur.