**OAKEN BUCKET PARTNERS, LLC, Petitioner,**

v.

**HAMILTON COUNTY PROPERTY TAX ASSESSMENT BOARD OF APPEALS and Hamilton County Assessor, Respondents.**

No. 49T10–0612–TA–113.

Tax Court of Indiana.

Sept. 30, 2009.

Jeffrey T. Bennett, Bradley D. Hasler, Karl L. Mulvaney, Bingham McHale LLP, Indianapolis, IN, Attorneys for Petitioner.

Gregory F. Zoeller, Attorney General of Indiana, Jessica E. Reagan, John D.

Snethen, Deputy Attorneys General, Indianapolis, IN, Attorneys for Respondents.

## ORDER ON RESPONDENTS' PETITION FOR REHEARING

FISHER, J.

On July 29, 2009, this Court issued an opinion in the above-captioned case holding that a portion of Oaken Bucket Partners, LLC's (hereinafter, "Oaken Bucket") real property qualified for a charitable/religious purposes exemption under Indiana Code § 6–1.1–10–16 during the 2004 tax year. *See Oaken Bucket Partners, LLC v. Hamilton County Prop. Tax Assessment Bd. of Appeals,* 909 N.E.2d 1129 (Ind. Tax Ct.2009). The Respondents, the Hamilton County Property Tax Assessment Board of Appeals and the Hamilton County Assessor (hereinafter and collectively, "the PTABOA"), have now filed a Petition for Rehearing (petition) pursuant to Indiana Appellate Rule 63(B). The PTABOA's petition presents two issues for review, which the Court restates as:

(1) Whether the Court committed reversible error when it failed to find that Oaken Bucket had been prejudiced; and

(2) Whether the Court's decision in *Oaken Bucket* conflicts with the cases of *Travelers' Insurance Company v. Kent,* 151 Ind. 349, 50 N.E. 562 (1898) and *Spohn v. Stark,* 197 Ind. 299, 150 N.E. 787 (1926).

(*See* Respts' Am. Pet. Reh'g (hereinafter, "Resp't Pet. Reh'g") ¶ 3a, -e.) The Court, having reviewed the PTABOA's petition and Oaken Bucket's response thereto, now grants the PTABOA's petition for the sole purpose of clarifying its decision in the above-captioned case.

(1)

■ The PTABOA asserts that the Court committed reversible error in *Oaken Bucket* because it failed to make a finding as to whether Oaken Bucket was prejudiced by an action of the Indiana Board as required under Indiana Code § 33–26–6–4. (*See* Resp't Pet. Reh'g ¶ 3b-c.) That statute, in part, provides that the Court "shall grant relief . . . only if [it] determines that a person seeking judicial relief has been prejudiced by an action of the [Indiana Board] that is . . . arbitrary, capricious, an abuse of discretion . . . or [ ] unsupported by substantial or reliable evidence." IND. CODE ANN. § 33–26–6–4(d) (West 2009). According to the PTABOA, the evidence in the record does not support such a finding: Oaken Bucket's lease required its tenant to pay property taxes and therefore its coffers would never be diminished (i.e., Oaken Bucket would not be prejudiced by a finding that it was not exempt). (*See* Resp't Pet. Reh'g ¶ 3a, -d.)

■ "When the Court is presented with a question of statutory interpretation, it looks first to the plain language of the statute." *Charwood LLC v. Bartholomew County Assessor,* 906 N.E.2d 946, 949 (Ind. Tax Ct.2009) (citation omitted). "When a statute is susceptible to more than one interpretation, it is ambiguous and the [C]ourt must interpret the statute to effectuate the intent of the legislature." *Howser Dev. LLC v. Vienna Twp. Assessor,* 833 N.E.2d 1108, 1110 (Ind. Tax Ct.2005) (citation omitted). The Court is not at liberty, however, to construe unambiguous statutes. *See id.*

■ Indiana Code § 33–26–6–4 is not ambiguous. Nothing within that statute suggests that a party may only be harmed when it suffers a financial loss. Rather, the statute provides that the actions of the Indiana Board are the catalysts of prejudice. As such, when a final determination

of the Indiana Board is found, for instance, to be arbitrary, capricious, or an abuse of discretion, it is prejudicial to the party that seeks its reversal. *See* A.I.C. § 33–26–6–4(d). Consequently, when this Court determined that the Indiana Board's final determination was not supported by substantial evidence, it necessarily meant that the Court had found that Oaken Bucket had been prejudiced. The Court therefore did not commit reversible error with respect to this issue.

### (2)

The PTABOA also contends that the Court's decision in *Oaken Bucket* conflicts with the holdings in *Travelers' Insurance Company v. Kent,* 151 Ind. 349, 50 N.E. 562 (1898) and *Spohn v. Stark,* 197 Ind. 299, 150 N.E. 787 (1926). (*See* Resp't Pet. Reh'g ¶ 3e-f.) The PTABOA maintains that Oaken Bucket is irreconcilable with these cases because both of those cases clearly provided that rental property may not be exempted from taxation "merely because the lessee may devote the leasehold to a municipal, educational, literary, scientific, religious, or charitable purpose[.]" *Spohn v. Stark,* 197 Ind. 299, 150 N.E. 787, 788 (1926). *See also Travelers' Ins. Co. v. Kent,* 151 Ind. 349, 50 N.E. 562, 564 (1898) (holding that "an owner who has not set apart his property for [an exempt] use cannot get the benefit of [an] exemption merely because he rents or suffers the property to be used for such purposes").

Nearly twelve years ago, this Court decided a case in which a landlord sought an exemption on property it leased to another. *See Sangralea Boys Fund, Inc. v. State Bd. of Tax Comm'rs,* 686 N.E.2d 954

(Ind. Tax Ct.1997), review denied. At issue was whether the qualification for an exemption under Indiana Code § 6–1.1–10–16 required a unity of ownership, occupancy, and use.[1] *Id.* at 955 (footnote added). In concluding that it did not, the Court examined the history of that statute. *Id.* at 957–58. Specifically, the Court noted that prior to 1975, the statute "exempted buildings from tax if 'used and *set apart* for … [exempt] purposes … provided the same is owned and *actually* occupied by the institution, individual or corporation using it for such purpose [or purposes].' " *Id.* at 957 (first emphasis added) (citation omitted). *See also* 1967 Ind. Acts 1311, § 1, cl. 5.

In 1975, however, the legislature rewrote the statute making it less restrictive: i.e., they reorganized it and removed the words "set apart" and "actually." *See Sangralea,* 686 N.E.2d. at 957–58. *See also* 1975 Ind. Acts 247, Ch. 10, § 16(a) ("All or part of a building is exempt from property taxation if it is owned, occupied, and used … for … [exempt] purposes"). The Court concluded that the legislature "inten[ded] to codify judicial interpretations of the Act—interpretations that focused on [the] furtherance of [exempt] purposes." *Sangralea,* 686 N.E.2d at 958. Accordingly, the Court held that the qualification for an exemption under Indiana Code § 6–1.1–10–16 did not require a unity of ownership, occupancy, and use. *Id.* at 955.

To that end, this Court explained in *Oaken Bucket* that "when a unity of ownership, occupancy, and use is lacking … both entities must demonstrate that they possesses their own exempt purposes, *but*

---

1. The Court's analysis in *Sangralea* is particularly instructive in this matter, given that the landlords in *Travelers'* and *Spohn* sought exemptions pursuant to the predecessor of Indiana Code § 6–1.1–10–16. *See Spohn v. Stark,* 197 Ind. 299, 150 N.E. 787, 787 (1926) (quoting 1921 Ind. Acts 638, § 6, cl. 24). *See also Travelers' Ins. Co. v. Kent,* 151 Ind. 349, 50 N.E. 562, 563 (1898) (quoting 1881 Ind. Acts 611, § 8, cl. 5).

*they need not demonstrate that they both directly used the property In furtherance of those purposes."* Oaken Bucket, 909 N.E.2d at 1137 (emphasis added). Thus, when two entities demonstrate that they possess their own exempt purpose, a non-exempt use of the property will not defeat entitlement to an exemption unless the use is shown to be the property's predominate use. *See* IND.CODE ANN. § 6–1.1–10–36.3 (West 2004) (defining "predominate use" as more than 50% of a property's use).

■ Finally, the Court must reiterate that "[t]he evaluation of whether property is owned, occupied, and predominately used for an exempt purpose is a fact sensitive inquiry; there are no bright-line tests." *Oaken Bucket,* 909 N.E.2d at 1134. As such, the parties to an exemption case must walk the Indiana Board (and thus this Court) through every element of their analyses; conclusory statements simply will not suffice. *See Id.* at 1134–35. In this case, the totality of the evidence established that Oaken Bucket possessed its own charitable purpose and that its property was both occupied and predominately used for religious purposes. *See Id.* at 1134–38. It is for these reasons that the Court believes that *Oaken Bucket* does not conflict with the *Travelers'* and *Spohn* cases. The Court therefore stands by its decision in *Oaken Bucket* in its entirety.